JOHN GILLOTTE, APPELLEE, V. OMAHA PUBLIC POWER DISTRICT, A CORPORATION, APPELLEE, IMPLEADED WITH LARSON CEMENT STONE CO., A CORPORATION, APPELLANT.

203 N. W. 2d 163

Filed January 5, 1973.   No. 38497.

Haney, Wintroub & Haney, for appellant.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellee Gillotte.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This case involves the allocation of reasonable expenses of trial and attorney's fees between employer and employee under section 48-118, R. R. S. 1943. That statute applies to suits brought against third parties for injuries to an employee entitled to workmen's compensation benefits from his employer for the same injuries. The employer has appealed from an order of the trial court allocating fees and expenses following a successful recovery from a third party. We affirm the judgment of the trial court.

The plaintiff, John Gillotte, was an employee of the defendant, Larson Cement Stone Company. While in the course of his employment, he was seriously injured by the negligence of the defendant, Omaha Public Power District. The accident occurred August 25, 1967. On several occasions between August 25 and October 19, 1967, plaintiff's attorneys contacted the claims manager for the workmen's compensation insurance carrier of the employer. They discussed with him the progress of their investigation, inquired as to subrogation representation, and were informed that he fully expected to refer the subrogation interest to plaintiff's attorneys. When the suit was ready for filing, the claims manager suggested that the employer rather than the employer's workmen's compensation insurance carrier be named

as the subrogee defendant and served in the ordinary way. On October 19, 1967, suit was filed by plaintiff's attorneys against Omaha Public Power District. Larson Cement Stone Company was a subrogated defendant as to workmen's compensation. On November 2, 1967, plaintiff's counsel was advised by letter that the workmen's compensation insurer had concluded it would be better if they retained their local counsel to represent them in connection with the subrogation matter. Thereafter, employer's counsel filed pleadings claiming subrogation interests on behalf of the employer and advised plaintiff's attorney that they were representing the subrogation interest. The employer's attorneys offered to take part in the trial but were requested not to do so by plaintiff's attorney. They did not participate in the trial although they did, on one occasion, furnish some minor research assistance. The trial resulted in a verdict in plaintiff's favor against the Omaha Public Power District in the sum of $79,263. The judgment was successfully defended on appeal to this court and the judgment was paid. The employer took no part in the appeal.

Thereafter, plaintiff filed an application for determination of the amount of the defendant employer's subrogated interest and future liability and for the allocation of fees and costs. Affidavits, stipulations, and documentary evidence were introduced at the hearing on the application. The workmen's compensation insurance carrier for the employer at appropriate times had paid to or for the benefit of the plaintiff $9,909.24 medical expenses, and $1,764 temporary total disability benefits. Plaintiff suffered a permanent partial disability of 35 percent of each leg and foot, and under Nebraska Workmen's Compensation Act, the present value of such disability at the time the judgment was paid in this third party suit was $18,167.75. No action was ever filed by the plaintiff in the Workmen's Compensation Court to recover amounts due under the Workmen's

Compensation Act, and no judgment was ever entered there.

The trial court determined that the total advantage to the defendant employer and its insurer which resulted from plaintiff's successful recovery from Omaha Public Power District amounted to $29,840.99, and that the reasonable value of the services of plaintiff's attorney to the defendant employer and its insurer was $10,000. The court also determined that reasonable expenses incurred by the plaintiff in preparing the cause for trial were $1,142.75. The court therefore allocated $428.53 of these expenses to the employer and his insurer, along with the attorney's fee of $10,000, and directed the payment of $1,244.71 of the judgment to the defendant employer as satisfaction of the subrogation claim, and the balance of the judgment to the plaintiff.

Section 48-118, R. R. S. 1943, after providing for subrogation to an employer and suits by the employer against third parties, provides that "nothing in this section or act shall be construed to deny the right of an injured employee * * * to bring suit against such third person" for his injuries. The statute then directs that in such event an employer having paid or paying compensation to the employee shall be made a party to the suit for the purpose of reimbursement and subrogation. Additions to that section in 1963 provided in part: "Before the making of a claim or the bringing of suit against such third person by the employee or his personal representative or by the employer or his insurer, each shall give to all others, unless waived in writing, notice of not less than thirty days, by certified or registered mail, an opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel."

After the giving of notice, if either party fails to join in the making of the claim and the prosecution of the suit, the party bringing the claim or prosecuting the suit shall be entitled to deduct from any amount recovered

the reasonable expenses of making such recovery, including a reasonable sum for attorney's fees. The expenses and fees shall be prorated to amounts payable to the employer or his insurer under the right of subrogation and to amounts in excess of the subrogation, "and which expenses and attorney's fees shall be apportioned by the court between the parties as their interests appear at the time of such recovery."

The statute also provides: "If either party makes the claim or prosecutes such action without the giving of a notice to the other party, the party bringing the claim and prosecuting such action shall not deduct expenses or attorney's fees from the amount payable to the other party."

The 1963 amendments also provide that if the employee and employer join in the prosecution of such claim and are represented by counsel, "the reasonable expenses and the attorney's fees shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought."

This is a case of first impression in interpreting the 1963 additions to section 48-118, R. R. S. 1943, dealing with the allocation of fees and expenses in actions against third persons for injuries to employees, which injuries are also covered by workmen's compensation.

The defendant employer first contends that the plaintiff did not give the 30-day notice by certified or registered mail of the bringing of the suit against the third party and did not give the defendant employer an opportunity to join in the instituting of the action. The trial court specifically found that the correspondence and conferences between plaintiff's attorney and the claims manager of the workmen's compensation carrier of the employer as set out in the affidavits and exhibits substantially satisfied the requirements of section 48-118, R. R. S. 1943.

A reading of the entire statute makes it quite clear that a strict compliance with the written, certified, or registered mail notice provision was not intended to be mandatory and jurisdictional. The basic purpose was to give notice to the other party. In this case, there is no question but that the employer or its insurance carrier had actual notice of more than 30 days. The statute specifically provides that after the expiration of 30 days, for failure to receive notice or other good cause shown, the district court shall allow either party to intervene. The statute also provides that expenses and fees shall not be deducted where the action has been prosecuted without the giving of "a notice" to the other party. Here too, it should be noted that the action in this case was not tried to a jury until February 1969, almost a year and a half after the petition had been filed; the employer had been served with summons; and had entered its appearance in the action. During that period there were telephone conversations, as well as correspondence, between the parties' attorneys. There is simply no doubt in this case that the defendant employer had actual notice of the making of the claim and the bringing and prosecution of the action. The facts in this case establish either substantial compliance with the notice requirements, or a waiver of those requirements by the defendant employer, or both. Under the provisions of section 48-118, R. R. S. 1943, requiring the giving of notice of claim or suit against a third person, and opportunity to join and be represented by counsel, substantial compliance is sufficient when the other party had actual notice and opportunity. Notice may be waived in writing or waiver may be implied from unequivocal conduct.

The workmen's compensation insurer contends that where the employer or his workmen's compensation insurer is represented by its own counsel and its attorney offers to assist in the preparation and trial, the district

court may not deduct any attorney's fees from the insurer's share of the judgment.

That contention is disposed of by the terms of section 48-118, R. R. S. 1943, itself. Even if the employee and employer or his insurer join in the prosecuting of a claim and are represented by counsel, the reasonable expenses and attorney's fees, in the absence of agreement, are to be divided between such attorneys as directed by the court. To permit an employer or his workmen's compensation insurer to refuse to reimburse an employee for reasonable expenses and fees incurred in the recovery of a judgment against a third party for the benefit of the employer or his insurer under their right of equitable subrogation simply because a pleading had been filed by employer's counsel asserting the admitted right of subrogation would twist the statute and destroy its purpose. It would constitute a return to the situation as it existed prior to the amendment of section 48-118, R. R. S. 1943, in 1963. It would also be in violation of the principles set out in United Services Automobile Assn. v. Hills, 172 Neb. 128, 109 N. W. 2d 174. There we held that one who incurs expenses and attorney's fees for the recovery of money for the benefit of a holder of a right of equitable subrogation should be permitted to reimburse himself for the share of the expense that was for the benefit of the holder of the subrogation right. It may well be that the 1963 amendments to section 48-118, R. R. S. 1943, were influenced by the Hills decision. The principle of the Hills case is confirmed by the language of the statute. Under section 48-118, R. R. S. 1943, where employer and employee join in a suit against a third person, the district court has jurisdiction to determine all disputes between employer and employee, including the setting and allocation of attorney's fees and expenses.

The defendant employer also contends that the district court has no original jurisdiction to determine the extent of plaintiff's claim for benefits under the Ne-

braska Workmen's Compensation Act and therefore, in any event, the employer cannot be charged with its share of expenses and fees as to any amounts of compensation benefits not yet paid. The contention is that the employer's subrogation must be limited to the amounts of compensation benefits actually paid at the time of the recovery against the third party, but cannot extend to liabilities under the Workmen's Compensation Act which have not been fixed by the Workmen's Compensation Court and have not been and will not thereafter be paid.

Cases such as Johnson v. L.D.S. Trucking Co., 254 Cal. App. 2d 496, 62 Cal. Rptr. 501, are based upon different statutes, and are not persuasive. We believe the principles set out in Graham v. Industrial Commission, 26 Utah 2d 424, 491 P. 2d 223 (1971), are applicable here. In that case, the employee's widow settled a death case against a third party tort-feasor for a sum in excess of any workmen's compensation award to which she would be entitled under Utah law. The Industrial Commission then refused to make an award upon grounds that the plaintiff had already received more than the amount of any possible award. The Supreme Court of Utah stated: "It is clear that had the Industrial Commission made the award required by the statute, the insurance carrier would have been obligated to pay its share of expenses before it could be reimbursed for the money it had paid plaintiff.

"Under the rulings made by the Industrial Commission in this case, the plaintiff by her efforts caused an undeserved windfall to the insurance carrier in that it was required to pay nothing whatsoever on its obligation to the plaintiff—not even a proportionate share of the expenses incurred by the plaintiff for the carrier's benefit.

"We can see no reason why there should be any difference in the final result whether the third party pays before or after an award is made."

The same basic principles apply here. The determination of the issue under section 48-118, R. R. S. 1943, ought not to turn on the payment or nonpayment but on the extent of the liability relieved or discharged by reason of the recovery against the third party. Even though it be conceded that the district court has no original jurisdiction to determine the extent of an employee's claim for workmen's compensation benefits, that is not the issue here. The issue here is simply the statutory allocation of attorney's fees and expenses between employer and employee in connection with the recovery of a judgment against a third party in which both have interests. Here the affidavits and evidence establish a 35 percent two-member disability and the present value of that disability under the applicable statutes governing Nebraska workmen's compensation benefits. The employer makes no claim that these percentages of disability and amounts of benefits are incorrect but asserts instead that only the Nebraska Workmen's Compensation Court has original jurisdiction to enter an award for such benefits. There can be no question but that the employer had a liability to the plaintiff under the Workmen's Compensation Act, and there is no serious dispute as to the extent of the injuries. The trial court which heard all the evidence as to the injuries in the suit against the third party defendant was certainly in a position to determine on the evidence here what the probable liability of the employer would have been under the Workmen's Compensation Act had the employee's efforts against the third party here been unsuccessful. Such a determination does not constitute an original judgment for workmen's compensation benefits, but is merely a measurement of the interests of the employer, upon which to base a reasonable allocation of fees and expenses in the third party action.

Under section 48-118, R. R. S. 1943, the subrogated interest of the employer, for computation and allocation of fees and expenses, is not restricted to the workmen's

compensation benefits actually paid, but is measured by the workmen's compensation liability relieved or discharged by the recovery against the third party.

Under section 48-118, R. R. S. 1943, the trial court has discretion to prorate and apportion the reasonable expenses and fees between the employer and employee as their interests appear at the time of recovery in a suit against a third party. The trial court specifically found that the defendant employer and its insurer, by reason of plaintiff's successful recovery from Omaha Public Power District, recovered not only the $11,673.24 already paid to or for the plaintiff, but were also relieved of the obligation to pay the plaintiff disability benefits of a present value of $18,167.75. The court determined that the total advantage to the defendant employer and its insurer that resulted from plaintiff's successful recovery against the third party defendant amounted to $29,840.99. The court also determined that the reasonable value of the services of plaintiff's attorney to the defendant employer and its insurer was $10,000. Those determinations were neither arbitrary nor unreasonable. Under the terms of section 48-118, R. R. S. 1943, they should be specifically approved.

The judgment of the trial court was correct and is affirmed.

AFFIRMED.