WILLIAM D. LAWSON, APPELLANT, V. WILLIAM H. SMITH, JR., AND JEAN SMITH, HUSBAND AND WIFE, AND FORD MOTOR COMPANY, APPELLEES, THE TRAVELERS COMPANIES, INTERVENOR-APPELLEE.

489 N.W.2d 566

Filed October 2, 1992.   No. S-90-001.

George H. Moyer, Jr., of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellant.

David J. Kolenda for intervenor-appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Although the record does not contain the pleading which initiated the proceeding resulting in this appeal, the matter appears to arise from an application of the plaintiff-appellant, William D. Lawson, for a determination of the amount of the

subrogation interest, if any, of the intervenor-appellee, The Travelers Companies, the workers' compensation carrier for his employer, and for leave to deduct therefrom a portion of the attorney fee he incurred in effecting a $385,000 settlement with the defendant-appellee Ford Motor Company. In any event, the district court found that Travelers was entitled to $72,936.14 of the settlement proceeds and that Lawson could not deduct therefrom any portion of his attorney fee. Lawson contends that the district court erred in both of those determinations. We affirm as modified.

On June 11, 1978, Lawson, then a minor residing with his parents, was involved in an accident arising out of and in the course of his employment with Travelers' insured when the Ford-manufactured vehicle Lawson was driving, said to have been owned and modified by the defendants-appellees William H. Smith, Jr., and Jean Smith, collided with a vehicle operated by Mark E. Svoboda. As a consequence, Travelers, according to the stipulation of the parties, paid Lawson benefits totaling $84,936.14 under the provisions of the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1988).

The dispute arises under § 48-118, which, in relevant part, provides that when

a third person is liable to the employee . . . for the injury . . . the employer shall be subrogated to the right of the employee . . . against such third person . . . . Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee . . . and shall be treated as an advance payment by the employer, on account of any future installments of compensation . . . .

On February 1, 1979, Svoboda's liability carrier paid the limit of its $15,000 coverage to Lawson and Travelers. Lawson received $3,000 from that payment, and the balance of $12,000 was applied to Travelers' subrogation interest.

On April 30, 1981, a firm of lawyers then known as Moyer, Moyer & Egley wrote Travelers that it intended to file a products liability suit and advised that if it was to represent

Travelers' interest, it would do so on a specified contingent basis. Travelers then engaged the Moyer firm "to protect its subrogation interest."

On June 9, 1982, after Lawson had reached his majority, the Moyer firm filed on Lawson's behalf a suit against Ford and the Smiths, claiming that the collision resulted from their negligence. The suit sought, among other things, to recover $68,152.09 for medical care and treatment, the exact amount Travelers had paid for these purposes, and $22,464 in lost wages.

On December 22, 1988, the Moyer firm wrote Travelers a letter revealing that the firm had persuaded Travelers that its "lien" was in the amount of $58,421.85 and which sought to verify the firm's understanding that Travelers would accept one-half of that amount, or $29,210.92, in full settlement of its interest. Having received no response to that letter, the Moyer firm again wrote Travelers on January 7, 1989, to make clear that the firm would retain one-third of the $29,210.92 as an attorney fee. On January 12, Travelers responded that it had not agreed to pay a fee on the $29,210.92, but to accept that sum in full satisfaction of its interest. On January 16, the Moyer firm advised Travelers that "[w]e have no deal" and that as there was a conflict between Lawson and Travelers, the Moyer firm could no longer represent Travelers. On or about January 24, Travelers engaged another attorney to protect its interest.

On January 31, 1989, Lawson, without any involvement of Travelers' replacement attorney, reached his settlement with Ford.

Lawson's quarrel with the district court's computation of Travelers' subrogation interest rests on the proposition that as he was a minor when the expenses for his medical care were incurred and he suffered a loss in wages, the claims for these items lodged not in him but in his father. He then postulates that in reality it was therefore not he, but his father, who benefited by the payments Travelers made for these purposes. From these premises Lawson concludes that Travelers cannot now seek reimbursement for those items from the recovery that he, not his father, made from Ford and that since the $68,152.09 in medical expenses and $22,464 in wage loss total $90,616.09, or

$17,679.95 more than Travelers' unreimbursed expenditures, Travelers is entitled to nothing from the settlement proceeds.

This sophism overlooks § 48-115(2), which provides, in relevant part: "Every person in the service of an employer . . . including . . . minors . . . for the purpose of making election of remedies under the [act] shall have the same power of contracting and electing as adult employees." Thus, the right to recover workers' compensation benefits is in the employee, even if the employee is a minor. Moreover, Lawson's contention overlooks that every cent Travelers spent was paid to him or on his behalf as a benefit specified by the compensation act. Travelers seeks to do nothing more than recover those benefits, as the language of § 48-118 quoted earlier gives Travelers the right to do. That those benefits may also have other attributes for other purposes does not detract from their nature as compensation benefits for the purposes of § 48-118.

Thus, the district court correctly found the amount of Travelers' subrogation interest to be $72,936.14, the difference between its expenditure of $84,936.14 and the $12,000 it recovered from Svoboda's liability carrier.

That brings us to the question of whether Lawson can deduct a portion of his attorney fee from Travelers' subrogation interest.

So far as is relevant to the matter before us, § 48-118 provides that if an employee and the employer or its compensation carrier join in prosecuting a claim against a third party and are represented by counsel, "the reasonable expenses and the attorney's fees shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought."

In *Gillotte v. Omaha Public Power Dist.*, 189 Neb. 444, 203 N.W.2d 163 (1973), *overruled in part on other grounds, Nekuda v. Waspi Trucking, Inc.*, 222 Neb. 806, 388 N.W.2d 438 (1986), we applied to the right of subrogation created by § 48-118 the principle announced in *United Services Automobile Assn. v. Hills*, 172 Neb. 128, 109 N.W.2d 174 (1961), that one who incurs a fee in effecting a monetary recovery which benefits an equitable subrogee is entitled to reimbursement for that portion

of the fee attributable to the benefit conferred. Inasmuch as the *Gillotte* subrogee's separate attorney had done little in the proceedings which resulted in a $29,840.99 benefit to his client, we held that the trial court had not abused its discretion in awarding the employee's attorney a fee of $10,000 from the subrogee's portion of the total recovery. The operation of § 48-118 was further clarified in *Schulz v. General Wholesale Coop. Co., Inc.*, 195 Neb. 410, 238 N.W.2d 463 (1976). Therein, the employee and the subrogee each had separate attorneys. The two attorneys cooperated in the prosecution of the claim against the third party, but the subrogee did not rely upon the services of the employee's attorney to protect its subrogation interest; rather, the subrogee was fully and adequately represented in that pursuit by its own attorney. We thus affirmed the trial court's denial of the request of the employee's attorney for a fee from the portion of the settlement proceeds attributable to the subrogee's interest, noting that when "the required cooperation exists between counsel in this type of dual prosecution of claims, it is virtually inevitable that there will be mutual benefit to the parties, which, of itself, does not call for any division of attorneys' fees." *Id.* at 416, 238 N.W.2d at 467.

*Nekuda v. Waspi Trucking, Inc., supra*, also held that the compensation subrogee's attorney fee was to be computed on the basis of the value of the benefit conferred upon it, irrespective of the fact that it had not paid its entire obligation as of the time of settlement with the third party.

It is clear beyond question that through the Moyer firm, Lawson created a fund from which Travelers benefits in some amount. Accordingly, under the principles announced in *Gillotte, supra*; *Schulz, supra*; and *Nekuda, supra*, Lawson would, under ordinary circumstances, be entitled to deduct from Travelers' recovery the portion of the reasonable attorney fee attributable to the benefit so conferred upon Travelers. However, since the circumstances are far from ordinary and are such that Lawson, through the conduct of the Moyer firm, has forfeited that right, it is unnecessary for us to determine the extent of the benefit conferred upon Travelers.

When Travelers refused to accept two-thirds of the

$29,210.92 offered in full satisfaction of its subrogation interest, or $19,473.95, the Moyer firm chose to cure the conflict in which it found itself by unceremoniously withdrawing from its representation of the client with the lesser economic stake and thereby forced that client to engage another attorney to define, protect, and enforce the very right of subrogation the Moyer firm earlier undertook to protect. Without embarking on a detailed study of the ethical questions such conduct may possibly suggest, we note it has been held that a law firm or an attorney may not cure a conflict in interest by withdrawing representation from a client of the firm's or attorney's choice, but must withdraw representation from both clients. *Margulies by Margulies v. Upchurch*, 696 P.2d 1195 (Utah 1985); *Civil Service Com'n v. Superior Court*, 163 Cal. App. 3d 70, 209 Cal. Rptr. 159 (1984). It is also appropriate to recall that in *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245 (1990), we disqualified a law firm from representing a client with interests adverse to those of others who had been represented by attorneys the disqualified firm had hired. We therein also reaffirmed the caution we had earlier expressed in *Wendell's, Inc. v. Malmkar*, 225 Neb. 341, 405 N.W.2d 562 (1987), against the representation of conflicting interests in litigation, even if the clients consented. See, also, *Baker v. Farnsworth*, 117 Neb. 504, 221 N.W. 17 (1928); Canon 4, DR 4-101, Canon 5, DR 5-105, and Canon 9 of the Code of Professional Responsibility.

We hold that in view of the fact that when a conflict in interest arose, the Moyer firm elected to abandon the protection of Travelers' rights, Lawson cannot deduct any portion of his attorney fee from Travelers' recovery. Although, as noted earlier, the district court correctly found that Travelers possessed a $72,936.14 subrogation interest, it ordered that Travelers recover but $72,336.14. The judgment is thus $600 less than it should be and is accordingly hereby increased by that amount.

AFFIRMED AS MODIFIED.

WHITE, J., not participating in the decision.