GEORGE W. VERSCH, JR., APPELLEE AND CROSS-APPELLANT, v. JAMES J. TICHOTA ET AL., APPELLEES AND CROSS-APPELLEES, IMPLEADED WITH CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT AND CROSS-APPELLEE.

220 N. W. 2d 8

Filed July 5, 1974. No. 39405.

Herbert M. Fitle, James E. Fellows, and George S. Selders, Jr., for appellant.

Jack L. Spence, for appellee Versch.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action for the allowance for attorney's fees in a subrogation case. After settlement of the original claim for damages, and subsequent allocation of the proceeds between the plaintiff-employee Versch, and the defendant-employer City of Omaha (hereinafter referred to as the "City"), as subrogee, the plaintiff's

attorney made application for attorney's fees in the amount of one-third of the fund recovered by the City, $2,250. The trial court approved the application but modified the amount of fees due to one-fifth, $1,350. From this ruling, the City appeals and the plaintiff cross-appeals. We affirm the judgment of the District Court.

In December 1969, the plaintiff Versch filed a petition for damages against the defendants, Tichota and McCann Concrete Company. The City was joined as an additional party to determine its subrogation rights and it entered a voluntary appearance on the same date. On November 18, 1971, the plaintiff and defendants, Tichota and McCann, settled in the amount of $15,000. The City and the plaintiff were unable to agree as to the distribution of the proceeds. The court ordered distribution to the plaintiff in the amount of $8,250 and to the City in the amount of $6,750. Motions for new trials were then filed by both the plaintiff and the City on November 29, 1971. An attorney's lien was filed and recorded by the plaintiff's attorney on the same date. On April 5, 1972, a joint motion by both the City and the plaintiff to withdraw the motions for a new trial was filed. On the same day, the motion was granted and the judgment of November 18, 1971, was confirmed and the clerk was authorized to make distribution of the fund.

On April 11, 1972, the plaintiff's attorney filed an application for attorney's fees from the fund recovered by the City in the amount of $2,250. It was argued on October 4, 1973, and taken under advisement. On November 28, 1973, the court granted the application but modified the amount of attorney's fees to $1,350. From this judgment, the appeal and cross-appeal have been prosecuted.

The City contends that under section 48-118, R. R. S. 1943, the failure of the plaintiff to give notice 30 days prior to making the claim or bringing the suit disallows any reimbursement for attorney's fees from the fund payable to the City. We believe that the interpretation

of the statute as found in Gillotte v. Omaha Public
Power Dist., 189 Neb. 444, 203 N. W. 2d 163 (1973), is
controlling. The facts of Gillotte show that prior to
the making of the claim, the workmen's compensation
carrier of the employer had sufficient prior knowledge
of the upcoming suit. The employer was then joined
as a subrogated defendant. A year and a half after the
filing of the petition and the employer's appearance in
the action, the action was tried by the jury. In the
instant action, it cannot be determined from the record
whether the City had prior notice of the filing of the
claim. However, 23 months elapsed from the day that
the City voluntarily appeared, the same day the petition
was filed by the plaintiff, until the cause came to trial.
In Gillotte v. Omaha Public Power Dist., *supra,* we
stated: "A reading of the entire statute makes it quite
clear that a strict compliance with the written, certified,
or registered mail notice provision was not intended to
be mandatory and jurisdictional. The basic purpose was
to give notice to the other party." It is stated in the
statute that the notice requirement was meant to give
the other party the opportunity to join in the action.
The purpose was then met when the City was joined
in the action and made its *voluntary appearance.* There
can be no doubt that the City had actual notice of the
making of the claim and the bringing and prosecution
of the action. Under the provisions of section 48-118,
R. R. S. 1943, substantial rather than literal compliance
is sufficient. Gillotte v. Omaha Public Power Dist.,
*supra.* Furthermore, notice may be waived in writing
or may be implied from unequivocal conduct. In this
case, the *voluntary appearance* by the City at the filing
of the petition is such an unequivocal waiver.

The City next contends that after final adjournment
of the term of the court at which a judgment has been
rendered, the court has no authority or power to modify
the judgment except for the reasons stated and within
the time limited by section 25-2001, R. R. S. 1943. Al-

though this statement of the law is correct, it is not applicable to the present situation. We have consistently held when a motion for a new trial is seasonably filed and pending, the cause remains in the trial court so long as the motion is undisposed of and there can be no final judgment until its disposition. No appealable order is considered as having been rendered while the motions for a new trial pend. Harkness v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385 (1951); Brasier v. Cribbett, 166 Neb. 145, 88 N. W. 2d 235 (1958); Skag-Way Department Stores, Inc. v. City of Grand Island, 176 Neb. 169, 125 N. W. 2d 529 (1964). As a general principle, an order or judgment, if interlocutory, is not a final judgment. In applying these principles to the facts, we find that on November 18, 1971, a judgment was rendered as to the defendants Tichota and McCann and as to allocation of the fund. On November 29, 1971, both the plaintiff and the City moved for a new trial. The motions were then argued on December 3, 1971. On April 5, 1972, a joint motion to withdraw the motions for a new trial was granted, and the order of November 18, 1971, was confirmed. Thus, as the City concedes a final judgment, an appealable order was rendered on April 5, 1972. On April 11, 1972, the plaintiff's attorney filed an application for attorney's fees from the fund recovered by the City. At this point, the matter of the division of the substantive recovery between the parties was finally determined. The final determination of the amount of recovery was highly relevant and important to the fixing of the amount of attorney's fees to be allowed. The statute, section 48-118, R. R. S. 1943, does not require a simultaneous fixing of the division and the amount of attorney's fees. Such an interpretation of the statute would be unreasonable since it might effectively prohibit counsel for both parties to make an appropriate showing and record as to the proportionate value of the services rendered in the trial of the case on its

merits. By its terms, section 48-118, R. R. S. 1943, contemplates a supplementary and subsequent proceeding to determine the question of attorney's fees. Under the statute, section 48-118, R. R. S. 1943, the adjudication of expenses and attorney's fees becomes one of the issues to be determined by the court in a final adjudication of the whole case.

We, therefore, hold that the filing of the post-judgment application for the determination of attorney's fees was timely. This application, timely filed, was not disposed of at the adjournment of the term of the District Court in which it was filed, and the District Court had jurisdiction in the subsequent term to make a final determination of the issue. Section 25-2001, R. R. S. 1943, has no application to subsequent proceedings authorized by statute that relate to the division, disposition, and enforcement of the previous judgment entered on the merits of the case. The contention of the City is without merit.

By cross-appeal the plaintiff contends that the award of attorney's fees in the sum of $1,350 was inadequate. The thrust of the plaintiff's contention is that the award of attorney's fees should have corresponded with the contingent fee contract with the plaintiff. While this may be a proper factor that rests in the court's consideration, there are many other factors involved. Furthermore, the proportionate value of the services of counsel is a special factor, under this particular statute, addressed to the sound discretion of the court. The record shows that the District Court carefully separated for consideration the issue of attorney's fees, and we can find no abuse of discretion or error in the awarding of $1,350 as attorney's fees to counsel for the plaintiff in the recovery by the City in the amount of $6,750.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.