LYNDA E. BOHL, APPELLANT, v. BUFFALO COUNTY, NEBRASKA, A POLITICAL SUBDIVISION, AND DAVID R. BUTLER, APPELLEES.

557 N.W.2d 668

Filed January 17, 1997. No. S-94-1199.

John H. Marsh, of Knapp, Fangmeyer, Aschwege & Besse, and James L. Bush, of Windscheffel & Bush, for appellant.

Richard L. Boucher and, on brief, Tamra L. Walz, of Boucher Law Firm, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

On August 17, 1991, David R. Butler, a deputy sheriff for Buffalo County, accompanied by his 4-year-old son, was driving to Grand Island in Hall County to testify on August 19 concerning a matter which had arisen during Butler's prior employment with Hall County. While driving through Kearney, Nebraska, the vehicle Butler was operating collided with a vehicle in which the plaintiff, Lynda E. Bohl, was a passenger. As a result of the collision, Bohl alleges she suffered physical, mental, and economic harm and damages.

In April 1991, Butler was employed as a deputy sheriff by the Buffalo County Sheriff's Department. At the time of the accident, Butler was driving an unmarked official vehicle owned by the Buffalo County Sheriff's Department. Normally, Butler was not permitted to drive a vehicle to his home in Grand Island because it was located outside Buffalo County. However, Captain Anderson of the Buffalo County Sheriff's Department gave permission to Butler to drive the vehicle home on the date

of the accident, since Butler was scheduled to appear in traffic court in Grand Island on the following Monday and would be available to be on duty on Monday sooner than if he had driven his own vehicle.

In violation of county policy, Butler's son was present in the county vehicle at the time of the collision. Butler was carrying his sheriff's department pager and his weapon. He was wearing a T-shirt, shorts, and tennis shoes. As usual, he had been on call, but he was not being compensated for time spent driving to Grand Island. Butler was to have been compensated by Buffalo County, however, for time spent testifying in Hall County.

After the accident, Butler received a 3-day suspension for his violation of county policy prohibiting his son from riding with him in a county-owned vehicle. Bohl and her husband, James Bohl, signed a partial payment agreement acknowledging receipt of $10,485 paid on behalf of "NIRMA," Buffalo County, the Buffalo County Sheriff's Department, and Butler for property damage resulting from the accident. The agreement included the following language: "It is understood the Statute of Limitations requires that any legal action for damages from this accident must be commenced before August 17th 1995." The agreement was provided by T.A. Kahrhoff, an adjuster for Buffalo County's insurance carrier.

On August 18, 1993, in the district court for Buffalo County, Bohl filed an action for negligence against Butler in his capacity as an "undersheriff" and against Buffalo County. On that same day, a tort claim was filed with the board of county commissioners pursuant to Neb. Rev. Stat. § 13-920 (Reissue 1991). The tort claim was later withdrawn on August 15, 1994.

The defendants both demurred, challenging Bohl's petition on the grounds that the district court had no subject matter jurisdiction, that Bohl did not have capacity to sue, and that the petition failed to state facts sufficient to constitute a cause of action. The district court agreed. On August 31, 1993, the court sustained the defendants' demurrer and dismissed the case without prejudice, holding that the suit was brought prematurely. Neb. Rev. Stat. § 13-906 (Reissue 1991) provides that

> [n]o suit shall be permitted . . . unless the governing body of the political subdivision has made final disposition of

the claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit . . . .

The court stated that because Bohl did not abstain from filing a petition in the district court until the board had made a final disposition of the tort claim or until 6 months had passed, the suit was not properly before the court.

Bohl, in a motion for a new trial, requested that the court overrule the defendants' demurrer or, in the alternative, allow her to amend her petition. The court allowed Bohl to amend her petition. Bohl filed an amended petition on November 12, 1993. In his answer to the amended petition, Butler denied Bohl's allegations of negligence. In addition, Butler affirmatively alleged that the accident occurred while he was acting within the course of his employment as a deputy sheriff for Buffalo County, that § 13-920 of the Nebraska Political Subdivisions Tort Claims Act applied, and that Bohl failed to abide by the necessary requirements set out in the act. In May 1994, Butler moved for summary judgment.

Bohl filed a second amended petition on August 19, 1994, in which she alleged that Butler was acting within the scope of his employment and that the negligence of Butler was imputed to Buffalo County. Bohl requested the court to grant judgment against Butler and Buffalo County and further requested that Buffalo County be estopped from raising a statute of limitations defense provided in § 13-920 because she had relied on the 4-year statute of limitations set out in the partial payment agreement.

In Bohl's third amended petition, which was filed on September 1, 1994, Bohl asserted facts which, when read generously, alleged that Butler individually, and not within the scope of his employment, had acted negligently. Alternatively, Bohl alleged that Buffalo County was liable for Butler's negligent acts when he was acting within his official capacity. Bohl also prayed that the court grant judgment against Butler or Buffalo County and requested that Buffalo County be estopped from raising a statute of limitations defense provided in § 13-920.

In response to Bohl's second amended petition, Butler and Buffalo County filed a demurrer. With regard to Bohl's third amended petition, both defendants filed a motion to strike and objections to the third amended petition.

On September 13, 1994, the district court sustained Butler's motion for summary judgment. The court stated that the material facts involved in the case were not in dispute: Butler was employed by the Buffalo County sheriff's office; the vehicle Butler was operating was an unmarked county vehicle; Butler was casually dressed; Butler's son was a passenger in the vehicle; Butler was not being compensated for his time spent driving to Grand Island (i.e., not "on duty"), but was subject to calls on a 24-hour basis (i.e., "on call"); Butler had his revolver with him; Butler had received permission to take the unmarked cruiser to his residence; Butler was scheduled to testify in Hall County the following Monday regarding a case related to his prior employment with Hall County; and the purpose of allowing Butler to drive the cruiser to Grand Island was to go "on duty" sooner on Monday following his testimony.

While the district court concluded that the fact finder determines the issue of whether an employee is acting within the scope of his employment, it determined as a matter of law that the ultimate inference must be drawn that Butler's acts occurred within the course of employment. Therefore, the court held that § 13-920 was applicable and was not properly adhered to by Bohl. Shortly thereafter, Bohl moved for a new trial.

On September 26, 1994, the court addressed the defendants' demurrer to the second amended petition and their motion to strike and objections to the third amended petition. The court found that the action as to Butler in his individual and official capacity was dismissed per its order dated September 13, 1994. However, the action against Buffalo County was still a live controversy regarding the estoppel issue which was raised by Bohl in her second and third amended petitions. Furthermore, the court held that Buffalo County's arguments in support of its motion and demurrer could be construed as an oral motion for judgment on the pleadings.

In a journal entry and an amended journal entry dated November 21, 1994, the district court denied Bohl's motion for

new trial as to Butler. The court also granted Buffalo County's motion for judgment on the pleadings and dismissed the case as to the county. In support of its holding, the court determined from the face of the pleadings that Bohl failed to meet at least three of the six elements of estoppel because she failed to show (1) that Buffalo County's conduct constituted a false representation; (2) that Bohl lacked knowledge as to the truth of the representations and lacked the means of obtaining such knowledge; and (3) that the false representations relied on by Bohl were the cause of her inaction, which led to her injury, detriment, or prejudice.

Bohl moved for a new trial. The district court denied Bohl's motion on December 5, 1994. A timely notice of appeal was filed on December 13.

Bohl assigns the following errors: (1) The trial court erred in granting Buffalo County's motion for judgment on the pleadings and determining from the face of the pleadings that Bohl could not meet the elements of estoppel, and (2) the trial court erred in granting Butler's motion for summary judgment and finding as a matter of law that Butler was acting within the scope of his employment as a deputy sheriff. We affirm.

A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. In making such motion, the moving party admits the truth of all well-pleaded facts in the opposing party's pleadings, together with all reasonable inferences to be drawn from such facts. The moving party also admits the untruth of his own allegations insofar as they have been controverted. *White v. Ardan, Inc.*, 230 Neb. 11, 430 N.W.2d 27 (1988).

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. A reviewing court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from submitted evidence. *Boyd v. Chakraborty*, 250 Neb. 575, 550 N.W.2d 44 (1996).

We must first address whether the lower court erred in dismissing Bohl's action against Buffalo County.

A plaintiff pursuing an action against a political subdivision must satisfy all the requirements which are set out in Neb. Rev. Stat. § 13-919(1) (Reissue 1991). That section provides in part:

Every claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body. Except as otherwise provided in this section, all suits permitted by the act shall be forever barred unless begun within two years after such claim accrued.

Bohl neglected to submit a claim to the appropriate governing body until 2 years after the motor vehicle accident. Bohl alleges in her third amended petition, however, that Buffalo County should be estopped from raising statute of limitations and nonpresentment of claim defenses available under § 13-919 because she was led to believe that she had until August 17, 1995, to commence a legal action. According to the partial payment agreement provided to Bohl by an adjuster for the county's insurance carrier, the statute of limitations for any action arising from the accident occurring on August 17, 1991, was 4 years.

This court has never applied, and will not apply in this case, the doctrine of equitable estoppel to excuse a plaintiff's failure to comply with the Political Subdivisions Tort Claims Act. Even if we were to apply such a doctrine, however, a review of the pleadings suggests that Bohl failed to properly allege the elements of equitable estoppel.

This court has set forth six elements which must be satisfied for the doctrine of equitable estoppel to apply:

(1) conduct which amounts to a false representation or concealment of material facts, or at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons . . . (3) knowledge, actual or constructive, of the real facts . . . [4] lack

of knowledge and of the means of knowledge of the truth as to the facts in question; [5] reliance, in good faith, upon the conduct or statements of the party to be estopped; and [6] action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel . . . .

*Hamilton v. Hamilton*, 242 Neb. 687, 693, 496 N.W.2d 507, 512 (1993).

In her third amended petition, Bohl alleges in paragraph 11 that

T. A. Kahrhoff, while acting as an adjuster for defendant Buffalo County's insurance carrier, provided a "Partial Payment Agreement" to the plaintiff and her husband, James Bohl, which stated and represented the statute of limitations to be August 17, 1995, the "Partial Payment Agreement" being attached hereto as Exhibit "1" and incorporated herein by reference. Plaintiff relied upon this representation by the insurance adjuster.

While it appears from the face of the pleadings that a misrepresentation was made and that Bohl relied on such misrepresentation, Bohl inadequately pled all six elements of equitable estoppel. Therefore, as a matter of law, Bohl was not entitled to relief under the doctrine of estoppel, Buffalo County's motion was properly granted, and Buffalo County was appropriately dismissed from this lawsuit.

While we have determined that Bohl may not pursue an action against Buffalo County, we must also determine whether she may pursue an action against Butler. If it is determined that Butler did not act within the scope of his employment, Bohl may pursue her claim against Butler individually; if it is determined that Butler did act within the scope of his employment, Bohl would have had to comply with the requisites set out in the Nebraska Political Subdivisions Tort Claims Act. See Neb. Rev. Stat. § 13-901 et seq. (Reissue 1991).

This court has, on a previous occasion, upheld a district court's determination that a defendant was acting within the scope of his employment while involved in an accident for purposes of the Political Subdivisions Tort Claims Act. In *Kuchar v. Krings*, 248 Neb. 995, 540 N.W.2d 582 (1995), Krings, an

employee of a public school district, was sued in his individual capacity after he struck a young girl with his personal vehicle. As an affirmative defense, Krings asserted that he was acting within his scope of employment at the time of the accident, thereby requiring the plaintiff to abide by the requirements of the Political Subdivisions Tort Claims Act. Due to conflicting evidence concerning whether Krings was acting within his scope of employment, the district court denied summary judgment, and trial was had to a jury. After the case was submitted to the jury but before a verdict was returned, the court determined that Krings was acting within his scope of employment at the time of the accident and dismissed the case because the plaintiff did not satisfy the act's statute of limitations.

In reviewing the decision of the district court, we noted that whether an employee of a political subdivision is acting within his scope of employment is not a question for a jury. See § 13-907 (stating that "all suits brought under sections 13-901 to 13-926 . . . shall be heard and determined by the appropriate court without a jury"). Despite the error in letting the case go to a jury, we upheld the court's determination that Krings was acting within his scope of employment at the time of the accident because the evidence established that Krings was en route to work on the school building. Moreover, Krings had never been told that using his own vehicle to conduct school business was prohibited by his employer. These facts were enough to allow the district court to conclude that Krings was acting within his scope of employment when he struck the plaintiff.

Much like the situation in *Kuchar*, Butler was sued in his individual capacity and responded that he was acting within his scope of employment at the time of the accident. The instant case differs from *Kuchar*, however, in that the material facts relating to the scope of employment issue are agreed upon. As with all cases brought under the act, the district court in the instant case acted as the fact finder. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Polinski v. Omaha Pub.*

*Power Dist., ante* p. 14, 554 N.W.2d 636 (1996). The district court concluded that the ultimate inference to be drawn from these undisputed facts was that Butler's acts occurred within the course of his employment. We agree. As noted above, at the time of the accident, Butler was employed by the Buffalo County sheriff's office; the vehicle was a county vehicle; Butler was subject to calls on a 24-hour basis; Butler had his revolver with him; Butler had received permission to take the cruiser to his residence; Butler would have been compensated by Buffalo County for time spent testifying; and the purpose of allowing Butler to drive the cruiser to Grand Island was to go "on duty" sooner on the Monday following his testimony. In light of these undisputed facts, we cannot say that the district court erred in determining as a matter of law that Butler was acting within the scope of his employment. In fact, these facts are far more indicative of an employment situation than those adduced in *Kuchar*. Accordingly, the district court properly granted Butler's motion for summary judgment.

AFFIRMED.