COMBINED INSURANCE, APPELLANT, V.
LOIS J. SHURTER, APPELLEE.
607 N.W. 2d 492

Filed March 10, 2000.   No. S-98-1038.

Richard R. Endacott, of Knudsen, Berkheimer, Richardson & Endacott, for appellant.

Robert J. Parker, Jr., of Seiler, Parker & Moncrief, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Combined Insurance (Combined), the employer of Lois J. Shurter, appeals the decision of the district court for Adams County dismissing its petition for declaratory judgment filed against Shurter in which, pursuant to Neb. Rev. Stat. § 48-118 (Reissue 1993), Combined sought $34,045 of the $75,000 settlement proceeds which Shurter had received from Southern Nebraska Rural Public Power District (Southern Nebraska Power), the alleged tort-feasor. Section 48-118 pertains to an employer's subrogation rights under the Nebraska Workers' Compensation Act. We find that the trial court erred in ruling that Combined had no subrogation rights to the proceeds of the $75,000 settlement received by Shurter, and we therefore reverse, and remand for further proceedings.

## STATEMENT OF FACTS

The parties have stipulated to the relevant facts, and there are no factual disputes in this case. The facts may be summarized as

follows: On February 2, 1994, Shurter, an employee of Combined, was injured in a work-related accident involving the collision of her automobile with a truck owned by Southern Nebraska Power and driven by one of its employees. Combined, through its workers' compensation insurer, CNA Insurance (CNA), paid workers' compensation benefits totaling $34,045 to or on behalf of Shurter. GAB Robins North America, Inc. (GAB), was an agent and third-party administrator for CNA and had full authority to make and receive payments on behalf of Combined and CNA.

Notwithstanding the provisions of the Political Subdivisions Tort Claims Act (the Act), Neb. Rev. Stat. §§ 13-901 to 13-926 (Reissue 1991 & Cum. Supp. 1994), neither Combined nor Shurter filed a timely claim with or petition against Southern Nebraska Power, a political subdivision as defined under the Act, with regard to the February 2, 1994, accident. Neither Combined nor Shurter complied with the notice requirements and statute of limitations provisions of the Act. Nevertheless, according to the stipulated facts, Shurter hired an attorney on May 9, 1996, who made an out-of-time claim against Southern Nebraska Power for Shurter's damages resulting from the accident. Notwithstanding the provisions of § 48-118, Shurter did not give written notice by certified or registered mail to CNA, GAB, or Combined of the claim she was making against Southern Nebraska Power.

On February 6, 1997, Southern Nebraska Power offered to settle Shurter's claim for $75,000. Shurter accepted the offer on February 17. CNA, GAB, and Combined were neither involved in the negotiations nor consulted regarding Shurter's decision to accept the offer.

GAB had previously notified Southern Nebraska Power of its subrogation interest and lien on behalf of CNA and Combined, but GAB's notice was not in compliance with the provisions of the Act. Nevertheless, Southern Nebraska Power made the $75,000 settlement check payable to the order of Shurter, her attorney, and GAB. The check was endorsed by all payees, and the proceeds were placed in a trust account of Shurter's attorney's law firm, pursuant to an agreement between Combined and Shurter that the proceeds would not be distributed until the

amount of the proceeds distributable to each party was determined either by mutual agreement of Combined and Shurter or by judgment of the district court.

Combined and Shurter were apparently unable to mutually agree upon the distribution of the settlement proceeds, and on September 16, 1997, Combined filed a petition for declaratory judgment against Shurter in the district court for Adams County. Combined alleged that pursuant to § 48-118, it was subrogated to the rights of its employee, Shurter, and was entitled to payment from the $75,000 settlement in the amount of the $34,045 benefits paid to Shurter by Combined through CNA. Combined requested, among other things, a judgment requiring that the amount of $34,045 be paid to Combined from the $75,000 settlement, without deduction for expenses or attorney fees, and that the balance be paid to Shurter and her attorney.

In her answer, Shurter opposed paying any subrogation. Shurter answered that Combined was only entitled to subrogation under § 48-118 when Southern Nebraska Power was liable to Shurter and that because the statute of limitations under the Act had run, Southern Nebraska Power was no longer liable to her and, therefore, Combined had no subrogation interest in the settlement proceeds.

The parties submitted the case to the trial court on the stipulated facts recited above. On August 25, 1998, the district court entered its written order adopting Combined and Shurter's stipulation of facts as its findings of fact and dismissing Combined's petition for declaratory judgment. In its decision, the trial court recited the language of § 48-118 which provides that the employer may recover any amount which the employee "should have been entitled to recover." The court then reasoned that because the statute of limitations under the Act had run, Shurter was not "entitled to recover" from Southern Nebraska Power, and that therefore, Combined had no right of recovery from Shurter under the subrogation provisions of § 48-118. Combined appealed.

## ASSIGNMENTS OF ERROR

Combined asserts that the district court erred (1) in finding that the statute of limitations under the Act prevented or barred

Combined from recovering, pursuant to its subrogation rights under § 48-118, the $34,045 it had paid out to or on behalf of Shurter; (2) in failing to find that the statute of limitations under the Act was waived by Southern Nebraska Power when, before any claim was filed against it under the Act, or petition filed, Southern Nebraska Power voluntarily paid $75,000 in settlement of any potential claim against Southern Nebraska Power; and (3) in failing to find that no attorney fees should be paid to Shurter's attorney out of the $34,045. Combined asserts in the alternative that if the trial court was correct in holding that neither Combined nor Shurter had a right to pursue a tort claim against Southern Nebraska Power because the claim was barred by the Act's statute of limitations, the trial court erred in failing to find that the payment of $75,000 to Combined and Shurter was a voluntary transfer which Combined and Shurter are entitled to share equally.

## STANDARD OF REVIEW

■ In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Johnson v. Clarke, ante* p. 316, 603 N.W.2d 373 (1999); *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999).

## ANALYSIS

*Subrogation Interest.*

Combined assigns as error the dismissal of its petition which was based on the trial court's reasoning that because the statute of limitations under the Act had run at the time of the settlement, Shurter was not entitled to recover from Southern Nebraska Power, and that consequently, Combined had no subrogation interest under § 48-118 in the $75,000 settlement between Shurter and Southern Nebraska Power. We conclude that the trial court erred as a matter of law in its interpretation of § 48-118, and we remand this cause for further proceedings.

Section 48-118 pertaining to subrogation in the workers' compensation context was amended by 1994 Neb. Laws, L.B. 594. See § 48-118 (Reissue 1998). See, also, *Jackson v. Branick Indus.*, 254 Neb. 950, 581 N.W.2d 53 (1998). The amendment

dealt in part with the manner of distribution of third-party settlement proceeds between an employee and employer or between an employee and the employer's insurer. We held in *Jackson* that with respect to the amendment regarding the manner of distribution, "L.B. 594 worked a substantive change, rather than a procedural change," 254 Neb. at 961, 581 N.W.2d at 59, and therefore, such amendment resulting from L.B. 594 should be applied prospectively only. *Id.* The L.B. 594 amendment was effective July 16, 1994. Shurter's injury occurred February 2, 1994. Accordingly, the pre-July 16, 1994, version of § 48-118 (Reissue 1993) applies to the instant case. We note for the sake of completeness that the provisions of § 48-118 relating to lawsuits against third parties and notice were unaffected by L.B. 594.

Section 48-118 (Reissue 1993), on which the trial court relied, provides, inter alia, as follows:

> When a *third person is liable to the employee* or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his or her dependents *should have been entitled to recover.*

(Emphasis supplied.) Elsewhere, § 48-118 provides that an injured employee may sue the third person, but the employee must make the employer a party to the lawsuit. Furthermore, before the employee can make a claim or file a lawsuit against the third person, the employee must give the employer notice of the opportunity to join in making the claim or instituting the lawsuit, all in accordance with § 48-118. It is undisputed that Shurter did not sue Southern Nebraska Power and that she did not notify Combined of her claim against Southern Nebraska Power or of her settlement negotiations with Southern Nebraska Power.

Section 48-118 grants an employer who has paid workers' compensation benefits to an employee injured as a result of the actions of a third party a subrogation interest against that

third party. *Jackson v. Branick Indus., supra.* In *Jackson,* we held that under the pre-L.B. 594 version of § 48-118, the employer's "subrogation interest . . . became vested as soon as the injury occurred, because that is when the employer became liable to the employee for compensation to be paid according to the provisions of the workers' compensation statutes." 254 Neb. at 961, 581 N.W.2d at 59. Thus, Combined's subrogation rights vested on February 2, 1994, the date Shurter was injured.

Subrogation has been explained as follows:

"Subrogation is substitution of one person who is not a volunteer, the subrogee [the employer or its insurance carrier], for another, the subrogor [the employee], as the result of the subrogee's payment of a debt owed to the subrogor so that the subrogee succeeds to the subrogor's right to recover the amount paid by the subrogee. . . . A party's right to subrogate may arise under principles of equity, may be contractual, or may be set out in statute."

*Neumann v. American Family Ins.,* 5 Neb. App. 704, 709, 563 N.W.2d 791, 794 (1997). In the instant case, Combined's subrogation rights are derived from statute. See § 48-118.

On February 2, 1994, Shurter was injured in an automobile accident involving the collision of her automobile and a truck owned by Southern Nebraska Power. Under the Act, Southern Nebraska Power was potentially liable to Shurter, and such potential liability of Southern Nebraska Power accrued on the date of the accident. See, e.g., *Bohl v. Buffalo Cty.,* 251 Neb. 492, 557 N.W.2d 668 (1997) (noting that date automobile accident occurred was date action accrued for purposes of statute of limitations under Act); *Davis v. Town of Clatonia,* 231 Neb. 814, 438 N.W.2d 479 (1989). See, also, *Polinski v. Omaha Pub. Power Dist.,* 251 Neb. 14, 554 N.W.2d 636 (1996) (holding that for purposes of § 13-919(1), cause of action accrues when potential plaintiff discovers political subdivision's negligence). Section 13-919(1) sets forth the timing requirements which a potential plaintiff must follow in order to seek recovery from a potentially liable political subdivision. Under § 13-919(1), a person must make a written claim to the governing body of the political subdivision within 1 year after such claim accrued and must begin suit against the political subdivision within 2 years

after such claim accrued. It is undisputed that neither party complied with the Act's notice requirements and that the Act's statute of limitations on a suit either party might have brought against Southern Nebraska Power had run at the time of the settlement. However, the stipulation of the parties states that Shurter made a claim at an unspecified time against Southern Nebraska Power for the injuries she had suffered. Further, according to the stipulation, Southern Nebraska Power thereafter "made an offer to Shurter to settle the claim of Shurter for $75,000," Shurter accepted the offer, and "Southern Nebraska Power sent a check to Shurter's attorney for $75,000 in settlement of the claim."

We have observed that a settlement is, inter alia, " 'an adjustment of differences' " and an " '[a]greement to terminate or forestall all or part of a lawsuit.' " *Horace Mann Cos. v. Pinaire*, 248 Neb. 640, 646, 538 N.W.2d 168, 172 (1995) (quoting Black's Law Dictionary 1372 (6th ed. 1990)). Thus, as a result of their stipulation, Shurter and Combined have agreed that Southern Nebraska Power's payment of the "$75,000 in settlement" is evidence of the resolution of possible liability of Southern Nebraska Power, and such concession is consistent with Combined's acquiring a subrogation interest in the settlement proceeds paid by Southern Nebraska Power to avoid such liability.

The trial court ruled in its order dismissing Combined's petition that because neither Shurter nor Combined had filed a timely claim nor a lawsuit against Southern Nebraska Power, the statute of limitations under the Act, § 13-919(1), had run, and thus Southern Nebraska Power was not liable to Shurter. The trial court concluded that under the language of § 48-118, no " 'third person [was] liable [to Shurter],' " and there was no amount of money which Shurter " 'should have been entitled to recover [from Southern Nebraska Power],' " and therefore, there was no recovery subject to subrogation. The trial court misinterpreted § 48-118.

■ In the instant case, Southern Nebraska Power was potentially liable to Shurter on the date of the accident, see, *Bohl, supra*; *Polinski, supra*; *Davis, supra*, and Combined's subrogation interest became vested on February 2, 1994, the date of

Shurter's injury, see *Jackson v. Branick Indus.*, 254 Neb. 950, 581 N.W.2d 53 (1998). On the date of the injury, Southern Nebraska Power was potentially liable to Shurter, Shurter was "entitled to recover" from Southern Nebraska Power, and Combined's subrogation interest vested. Black's Law Dictionary 1557 (7th ed. 1999) defines "vested" as that which "has become a completed, consummated right for present or future enjoyment; not contingent; unconditional; absolute." The fact that Shurter pursued her claim against Southern Nebraska Power out of time did not extinguish Combined's vested statutory subrogation interest in the settlement proceeds under § 48-118.

Accordingly, we hold that the trial court erred as a matter of law when it concluded that Combined had no right of subrogation under § 48-118, and we remand this cause to the trial court to enter an order distributing the settlement proceeds pursuant to the 1993 version of § 48-118.

*Attorney Fees.*

Having concluded that the trial court erred as a matter of law with regard to its interpretation of § 48-118 and in view of our remand of this cause for further proceedings, it is unnecessary for us to consider all of Combined's other assigned errors. Nevertheless, we note that on appeal, Shurter has asserted that she is entitled to receive reasonable attorney fees out of any settlement proceeds Combined might receive as a result of its subrogation interest, and Combined assigns as error the trial court's failure to declare that Shurter is not entitled to attorney fees under § 48-118. Thus, although we remand this cause for further proceedings, we address the attorney fees issue because it is likely to arise on remand. See *Stoneman v. United Neb. Bank*, 254 Neb. 477, 577 N.W.2d 271 (1998).

Under § 48-118, before Shurter made a claim against Southern Nebraska Power, she should have given Combined or its insurer "notice of not less than thirty days, by certified or registered mail, an opportunity to join in the making of such claim or the instituting of an action [against Southern Nebraska Power] and to be represented by counsel." Section 48-118 also provides that "[i]f either party makes a claim or prosecutes such

action without the giving of a notice to the other party, the party bringing the claim . . . shall not deduct expenses or attorney's fees from the amount payable to the other party." Thus, as a general rule, when the party bringing the claim has failed to give notice, such party shall not deduct attorney fees from the amount payable to the remaining party who did not receive notice.

We have previously stated, however, that " '[a] reading of the entire statute [§ 48-118] makes it quite clear that a strict compliance with the written, certified, or registered mail notice provision was not intended to be mandatory and jurisdictional.' " *Versch v. Tichota*, 192 Neb. 251, 253, 220 N.W.2d 8, 10-11 (1974) (quoting *Gillotte v. Omaha Public Power Dist.*, 189 Neb. 444, 203 N.W.2d 163 (1973), *overruled on other grounds, Nekuda v. Waspi Trucking, Inc.*, 222 Neb. 806, 388 N.W.2d 438 (1986)). We have also held that such "notice may be waived in writing or may be implied from unequivocal conduct." *Versch*, 192 Neb. at 253, 220 N.W.2d at 11.

In the instant case and on appeal, Combined does not challenge Shurter's settlement with Southern Nebraska Power. On the contrary, Combined has petitioned for a judicial division and distribution of the settlement in which it wishes to share. Legal authorities recognize that if a party seeks to enjoy the benefits of a settlement, such action constitutes a ratification of the settlement and a waiver of any objections or rights which that party might otherwise have had in connection with the procurement of the settlement. 15A C.J.S. *Compromise & Settlement* § 40 (1967 & Supp. 1999); 15A Am. Jur. 2d *Compromise & Settlement* § 44 (1976 & Cum. Supp. 1999). Combined, through its "unequivocal conduct" of seeking to share in the settlement proceeds, has ratified Shurter's settlement with Southern Nebraska Power and thereby waived the objections it might have had to such settlement based on a lack of notice under § 48-118. See *Versch, supra*.

Therefore, upon remand, the trial court shall award Shurter attorney fees in accordance with the provisions of § 48-118.

## CONCLUSION

We conclude that as a matter of law the trial court erred when it ruled that Combined had no subrogation interest in proceeds

paid by Southern Nebraska Power to Shurter; her attorney; and GAB, an agent of Combined, in settlement of a claim Shurter had against Southern Nebraska Power. We remand this cause to the trial court for a determination of the distribution of those settlement proceeds under § 48-118 and an award to Shurter of attorney fees in accordance with § 48-118.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

STEPHAN, J., not participating.