# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1560

_____

John Maxwell Montin

*Plaintiff - Appellant*

v.

Y. Scott Moore, M.D.; Mario Scalora, Ph.D.; Mary Paine, Ph.D.

*Defendants - Appellees*

Stephen Paden, M.D.

*Defendant*

Lisa Woodward, Ph.D.

*Defendant - Appellee*

Chin Chung, M.D.; Marco Baquero, M.D.; Eugene Oliveto, M.D.

*Defendants*

Ann Evelyn, M.D.; Dinesh Karumanchi, M.D.; Rajeev Chaturvedi, M.D.; Joanne Murney, Ph.D.; Sherri Browning, Ph.D.; Lorrene Jurgens, Nurse Practitioner; Mindy Abel, Psy.D.

*Defendants - Appellees*

Cynthia Petersen, Nurse Practitioner; James Allison, Ph.D.

*Defendants*

Corrine McCoy, Program Manager; Jennifer Cimpl, Psy.D.; Shannon Black, Psy.D.; Zakaria Siddiqui, M.D.

*Defendants - Appellees*

Roberto Alves, Psy.D.

*Defendant*

Kathleen Barrett, Psy.D.; Klaus Hartmann, M.D.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: October 25, 2016
Filed: January 19, 2017

_____

Before RILEY, Chief Judge, BEAM and LOKEN, Circuit Judges.

_____

RILEY, Chief Judge.

John Maxwell Montin was committed to the Lincoln Regional Center (LRC) for a period of almost twenty years after a jury found him not responsible by reason of insanity. After his release, Montin brought suit in federal district court against various psychologists, psychiatrists, and other employees of the LRC, alleging defendants committed medical malpractice under Nebraska state law. Montin also alleged defendants violated his constitutional rights to be free from unnecessary

-2-

confinement and free from retaliation for seeking access to courts. The district court[1] dismissed Montin's state law malpractice claim as barred by sovereign immunity, and dismissed Montin's unnecessary confinement claim, ruling defendants were entitled to qualified immunity. Because we conclude Montin's state law malpractice claim was improperly filed in federal court under the Nebraska State Tort Claims Act, and defendants are entitled to qualified immunity on Montin's unnecessary confinement claim, we affirm.

## I. BACKGROUND

A Nebraska state court committed Montin to the LRC on August 13, 1993, after a jury found Montin not responsible by reason of insanity on two felony charges. On July 16, 2013, almost twenty years after his initial commitment, that state court found Montin no longer dangerous to himself or others and ordered him unconditionally released. Defendants were all employees of the LRC during the time Montin was committed there and rendered professional healthcare services to Montin by conducting forensic evaluations, administering psychological testing, formulating and implementing treatment plans, and providing annual court reports.

In July 2014, Montin brought suit against defendants in federal court. Montin asserted, under 42 U.S.C. § 1983, defendants violated his federal civil right to be free from unnecessary confinement by creating unreliable evaluations and reports and failing to evaluate and treat Montin properly so that Montin continued to be unnecessarily confined. Montin claimed this failure to evaluate and treat him adequately violated his fundamental right to freedom from physical restraint. Montin further asserted defendants violated his federal civil rights by retaliating against him for seeking relief in state and federal courts. Montin also alleged defendants failed to meet the standard of care in their respective disciplines under Nebraska state law

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

by incorrectly labeling Montin as mentally ill and subjecting Montin to unnecessary and inappropriate treatment and confinement.

The district court granted defendants' motion to dismiss the state law malpractice claim because the claim was barred by sovereign immunity and not waived by Nebraska under its State Tort Claims Act, Neb. Rev. Stat. § 81-8,209, et seq. The district court also granted defendants' Fed. R. Civ. Pro. 12(c) motion for judgment on the pleadings and dismissed Montin's federal civil rights claims, concluding defendants were entitled to qualified immunity. Montin appeals the district court's orders dismissing his claims, and we have jurisdiction to hear his appeal pursuant to 28 U.S.C. § 1291.

## II.  DISCUSSION
### A.  State Law Malpractice Claim

Montin alleged defendants committed medical malpractice under Nebraska state law. The district court dismissed this claim following defendants' Rule 12(b)(1) and (6) motion to dismiss.[2] We review such a dismissal de novo and interpret all factual allegations in the pleadings in the light most favorable to the nonmoving party. See Nelson v. Midland Credit Mgmt. Inc., 828 F.3d 749, 751 (8th Cir. 2016).

All defendants were state employees at the time of the events alleged in Montin's amended complaint. Sovereign immunity bars any suits against states and their employees in their official capacities. See Alden v. Maine, 527 U.S. 706, 712-13 (1999). Congress can abrogate sovereign immunity, like it has for claims filed pursuant to 42 U.S.C. § 1983, or states can waive sovereign immunity, but in the absence of such abrogation or waiver, sovereign immunity bars all suits. See, e.g., Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-55 (1996).

---

[2]The district court had jurisdiction over Montin's state law malpractice claim under 28 U.S.C. § 1332(a)(1).

-4-

Nebraska has waived sovereign immunity for a limited set of claims. See Nebraska State Tort Claims Act (STCA), Neb. Rev. Stat. § 81-8,209, et seq. For suits not barred by sovereign immunity within Nebraska's waiver, the STCA provides:

> The district court, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim. Suits shall be brought in the district court of the county in which the act or omission complained of occurred or, if the act or omission occurred outside the boundaries of the State of Nebraska, in the district court for Lancaster County.

Id. § 81-8,214.

As an initial matter, Montin asserts the state law malpractice claim is against defendants in their individual capacities and is thus not barred by sovereign immunity. Montin's amended complaint alleges all state claims are "against the listed defendants in their individual capacity only" and "Defendants [sic] actions and omissions were taken under color and authority of state law, *but not* in furtherance of the official policy, practice, and custom of the LRC." (Emphasis added). All actions and omissions Montin pled—such as the failure to use appropriate forensic tools, the failure to score and interpret psychological tests correctly, and the submission of false or misleading reports—evidence defendants' malpractice occurred within the scope of defendants' employment as psychiatrists, psychologists, and employees of the LRC. Under Nebraska law, a state official acting within the scope of his or her employment at the time of an alleged tort must be sued in his or her official capacity, and the plaintiff must "comply with the requisites set out in the [STCA]." Bohl v. Buffalo Cty., 557 N.W.2d 668, 673 (Neb. 1997). Though Montin's amended complaint explicitly declares all claims are against defendants in their individual capacities, all the actions or omissions alleged occurred in the scope of defendants' state employment, and we must treat the state law malpractice claim as if it is against defendants in their official capacities. See id.

-5-

Montin's claim against defendants in their official capacities is barred unless Nebraska has waived sovereign immunity. See Seminole Tribe, 517 U.S. at 54-55. If Nebraska has waived its immunity, Montin must bring the claim within the bounds set forth by the Nebraska STCA. See Beers v. Arkansas, 61 U.S. 527, 529 (1857) ("[A]s this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted.").

If we assume Nebraska waived its sovereign immunity in this instance, any waiver of that immunity does not extend to actions brought in federal court. See Neb. Rev. Stat. § 81-8,214 (requiring all claims under Nebraska's STCA be brought in state district court). State sovereign immunity bars actions in federal court regardless of the basis for otherwise appropriate subject matter jurisdiction. See Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 541-42 (2002) (holding the Eleventh Amendment bars actions in federal court even where 28 U.S.C. § 1367, in general, authorizes supplemental jurisdiction). Montin did not comply with the requirements set forth by Nebraska's STCA—"[s]uits shall be brought in the district court of the county in which the act or omission . . . occurred," Neb. Rev. Stat. § 81-8,214—when he filed his state law malpractice claim in federal court. The district court did not err in dismissing this claim without prejudice.

## B. Unnecessary Confinement Civil Rights Claim

Defendants additionally argue they are entitled to qualified immunity from the claim that they unnecessarily confined Montin.[3] The district court dismissed the

---

[3]Defendant Mario Scalora asserts he is not a "person" who can be sued under 42 U.S.C. § 1983 because he is a state employee. The Supreme Court has previously held a state is not a "person" who can be sued under 42 U.S.C. § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989), but the Court has explicitly rejected the position defendant Scalora sets forth: "The requirement of action under

unnecessary confinement civil rights claim following defendants' motions for judgment on the pleadings. We review a grant of a Fed. R. Civ. P. 12(c) motion de novo. See Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). A grant of such a motion is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." Id.

A state official is immune from liability unless he or she "violated a clearly established constitutional or statutory right of which a reasonable official would have known." Carpenter v. Gage, 686 F.3d 644, 648 (8th Cir. 2012). When determining whether a public official is entitled to qualified immunity, we examine (1) whether the official violated the plaintiff's constitutional or statutory right, and (2) whether that right was clearly established at the time of the violation. See LaCross v. City of Duluth, 713 F.3d 1155, 1158 (8th Cir. 2013). "If the answer to either question is no, then the [state officials] are entitled to qualified immunity." Keil v. Triveline, 661 F.3d 981, 985 (8th Cir. 2011).

Montin initially characterizes his unnecessary confinement as a due process violation. Then he contends the Eighth Amendment (through the Fourteenth Amendment) "deliberate indifference" standard and Nebraska's statutory commitment procedures create applicable "fundamental civil rights." The Supreme Court has established the right to due process prevents the state from "constitutionally confin[ing] without more a nondangerous individual who is capable of surviving safely in freedom by himself," O'Connor v. Donaldson, 422 U.S. 563, 576 (1975), and that a "committed acquittee is entitled to release when he has recovered his sanity

_____

color of state law means that [a state official] may be liable for [actions taken within the scope of her employment] precisely because of her authority as [a state official]. We cannot accept the novel proposition that this same official authority insulates [state officials] from suit." Hafer v. Melo, 502 U.S. 21, 27-28 (1991). Therefore this argument has no merit.

-7-

or is no longer dangerous." Jones v. United States, 463 U.S. 354, 368 (1983). To show an individual is liable for unconstitutional confinement, a plaintiff needs to show the person "'knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of [the plaintiff], or . . . took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to [the plaintiff].'" O'Connor, 422 U.S. at 577 (quoting Wood v. Strickland, 420 U.S. 308, 322 (1975)).

Taking the facts in the light most favorable to the nonmoving party, it is clear Montin only alleged defendants' actions were negligent. Montin alleged a failure "to use the ordinary and reasonable care, skill, and knowledge ordinarily possessed and used under like circumstances by members of his or her profession." It is well-established "[c]onduct that is merely negligent or grossly negligent does not implicate the protections of the Due Process Clause." Jackson v. Buckman, 756 F.3d 1060, 1067 (8th Cir. 2014); see also Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) ("To state a claim based on inadequate medical treatment . . . [t]he plaintiff must show more than negligence, more even than gross negligence." (omission and alteration in original) (quoting Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006))). Though Montin alleged plaintiffs "were aware that their actions would result in the unnecessary and continued confinement of Montin . . . and that such unnecessary confinement was a violation of Montin's right to liberty," Montin does not allege any facts to support this conclusion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Instead, Montin alleged defendants "failed to determine that [Montin] was not mentally ill," "persistently relied on a false factual belief that Montin had been found not responsible by reason of insanity of attempted murder," and "relied upon inconsistent findings to manufacture or exaggerate a mental illness finding." All of these actions are negligence or, at worst, gross negligence.

We note Montin's claims are distinguishable from the right outlined in O'Connor because, there, the Supreme Court held there is "no constitutional basis for confining [mentally ill] persons involuntarily if they are dangerous to no one and can live safely in freedom." O'Connor, 422 U.S. at 575. The civil commitment procedures in O'Connor allowed hospital staff to release patients without any review by a court, and the defendant testified he had no knowledge the plaintiff had ever committed a dangerous act. See id. at 567-68. That is materially different from the situation Montin alleged—defendants held a subjective belief Montin was mentally ill and dangerous to himself or others, as Montin himself alleged in his amended complaint. This belief—even if it is an erroneous belief predicated on defendants' allegedly negligent treatment—rebuts any allegation defendants maliciously intended to deprive Montin of his constitutional rights. See id. at 577.

Montin failed to allege action that violated his constitutional rights. The district court properly dismissed the unnecessary confinement claim.

### C. Retaliation Civil Rights Claim

Montin also alleged defendants retaliated against him for seeking state and federal court review of his confinement. As defendants point out, "neither 'retaliation' nor any variant of that word appears anywhere in Montin's brief." Because "[c]laims not raised in an opening brief are deemed waived," Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008), and Montin failed to address the retaliation claim in his opening brief, Montin waived this issue. We thus affirm the district court's dismissal of Montin's retaliation claim.

## III. CONCLUSION

We affirm the district court's dismissal, without prejudice, of the state law tort claim as improperly filed in federal court under Nebraska's STCA. In addition, we

-9-

affirm the district court's dismissal of the unnecessary confinement claim because defendants are entitled to qualified immunity.

_____