# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3176
_____

Abdulkarim Mohamed Dahir

*Plaintiff - Appellant*

v.

Lori Swanson, Former Minnesota Attorney General, in individual capacity; Adam
Kujawa, Former Minnesota Assistant Attorney General, in individual capacity and
official capacity; Scott Haldeman, Former Minnesota Assistant Attorney General,
in individual capacity and official capacity; Kirsi Poupore, Managing Attorney,
Minnesota Attorney General, in individual capacity and official capacity; Adam
Kohnstamm, Minnesota Assistant Attorney General; Christopher J. Florey, Former
Minnesota Assistant Attorney General; Alexandria Kieley (Mountain), Former
Investigator with Minnesota Attorney General; Keith M. Ellison, Minnesota
Attorney General in official capacity

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 3, 2020
Filed: June 8, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Abdulkarim Mohamed Dahir appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint in which he alleged he was improperly included as a defendant in the criminal case against his business. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After *de novo* review, this court concludes that the district court properly dismissed the complaint as Dahir failed to state any claim upon which relief may be granted. *See Montin v. Moore*, 846 F.3d 289, 292 (8th Cir. 2017) (standard of review); *Spirtas Co. v. Nautilus Ins. Co.*, 715 F.3d 667, 670 (8th Cir. 2013) (this court may affirm on any basis supported by record). The criminal complaints plainly show that Dahir was not charged with any offense, was not a party to the criminal case, and was not convicted of any crime. The Minnesota appellate court had already determined that Dahir was not a party to the criminal proceeding such that he was precluded from litigating that issue in this action. *See State v. Twin Cities Care Servs.*, No. A17-2070, 2018 WL 3614156, at *1 (Minn. Ct. App. July 30, 2018); *State v. Lemmer*, 736 N.W.2d 650, 659 (Minn. 2007) (collateral estoppel precludes issue where it was identical to one resolved in prior adjudication, there was a final decision on merits, estopped party was a party or in privity with party, and had full and fair opportunity to be heard).

This court finds that neither the district court nor the magistrate plainly erred by failing to recuse themselves *sua sponte* based on unfounded assertions of favoritism, purported animus, adverse rulings, or speculative and conclusory allegations of potential conflicts of interest. *See Fletcher v. Conoco Pipe Line Co.*,

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota, partially adopting the report and recommendation of the Honorable Steven E. Rau, late a United States Magistrate Judge for the District of Minnesota.

323 F.3d 661, 663 (8th Cir. 2003) (reviewing recusal claims first raised on appeal for plain error); *United States v. Rubashkin*, 655 F.3d 849, 858 (8th Cir. 2011) (appellant who did not move for recusal during trial essentially argued that court erred by not recusing *sua sponte*; this court has never found plain error in failure to recuse *sua sponte*); *United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010) (judge is presumed impartial; party seeking disqualification bears substantial burden of proof).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____