# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2207

_____

Renee Kay Martin, Parent, individually and on behalf of TRL and on behalf of
BRW

*Plaintiff - Appellant*

v.

Kelan Gourneau, In his individual and official capacity; Michael Slater, In his
individual and official capacity; Evan Parisien, In his individual and official
capacity; Joseph Kaufman, In his individual and official capacity; Earl
Charbonneau, In his individual and official capacity; Nathan Gustafson, In his
individual and official capacity; Reed Mesman, In his individual and official
capacity; Craig Zachmeier, In his individual and official capacity; Trenton
Gunville, In his individual and official capacity; Jayde Slater, In his individual and
official capacity; Mitchell Slater, In his individual and official capacity; Andrew
Saari, Jr., In his individual and official capacity; William Poitra, In his individual
and official capacity; Heather Baker, In her individual and official capacity;
Annette Laducer, In her individual and official capacity; United States of America

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: February 26, 2025
Filed: March 4, 2025
[Unpublished]

_____

Before GRUENDER, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Renee Martin, proceeding individually and on behalf of her son's minor children, appeals the district court's[1] order dismissing her pro se action raising constitutional and Federal Tort Claims Act (FTCA) claims regarding her son's death. Upon careful de novo review, see Montin v. Moore, 846 F.3d 289, 292, 293 (8th Cir. 2017) (standards of review), we affirm.

We agree that the district court lacked subject matter jurisdiction over Martin's FTCA claim, as she did not exhaust the administrative process before filing this action, see Mader v. United States, 654 F.3d 794, 808 (8th Cir. 2011) (en banc) (compliance with presentment requirement is jurisdictional prerequisite to filing FTCA action), but we clarify that dismissal of this claim is without prejudice, see Hart v. United States, 630 F.3d 1085, 1091 (8th Cir. 2011) (explaining that dismissal of FTCA claim for lack of subject matter jurisdiction is without prejudice). We also agree that Martin's constitutional claims against the United States, and her official-capacity claims against the federal law enforcement officers, were barred by sovereign immunity, see Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) (official-capacity claim against federal official is treated as suit against federal agency, and sovereign immunity precludes Bivens action against United States and its agencies); and that individual-capacity damages claims against these defendants were unavailable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), see Hernández v. Mesa, 589 U.S. 93, 102 (2020) (courts will decline to extend Bivens remedy if claim arises in new context and there are special factors that counsel hesitation about granting extension).

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota.

We further agree that Martin failed to state claims under 42 U.S.C. § 1983 against the state and municipal law enforcement defendants. See Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011) (plaintiff must plead that each government official defendant, through official's own individual actions, has violated Constitution); Akins v. Epperly, 588 F.3d 1178, 1184 (8th Cir. 2009) (substantive due process claim failed where officers were no more than negligent in failing to investigate shooting). As Martin did not address the dismissal of her claim against Annette Laducer in her brief, it is waived on appeal. See Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013).

The judgment is affirmed. See 8th Cir. R. 47B.

_____