# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1755

_____

Velita Glasgow, Special Administrator of the Estate of Curtis Bradford

*Plaintiff - Appellant*

v.

State of Nebraska, Department of Corrections; Robert Houston, Retired Director, Department of Corrections, in his official and individual capacities; Dr. Cameron White, Behavioral Health Administrator for the Department of Corrections, in his official and individual capacities; Correct Care Solutions; Dr. Randy Kohl, in his official and individual capacities; City of Omaha, John Doe Defendants 1-100, in their individual and official capacities; County of Douglas, John Doe Defendants 1-100, in their individual and official capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 18, 2015
Filed: April 8, 2016

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Nikko Jenkins was released from prison on July 30, 2013, after serving ten and one-half years of a twenty-one-year sentence. In August 2013, he killed four people in Omaha, Nebraska, including Curtis Bradford. Following Bradford's death, his mother, Velita Glasgow, filed suit under 42 U.S.C. §§ 1981, 1983, and 1988 and state law against the State of Nebraska and several Department of Corrections (department) officials, including Robert Houston, the former director of the department; Cameron White, "the behavioral health administrator"; and Dr. Randy Kohl, the "Deputy Director of Health Services" (collectively, department officials). Glasgow also sued Douglas County and 100 John Does (county); the City of Omaha and 100 John Does (city); and Correct Care Solutions (CCS), a private contractor that provided psychiatric services to prisoners. Glasgow alleged, among other claims, violation of Bradford's substantive due process rights under the Fourteenth Amendment to the United States Constitution and state law negligence claims under the Nebraska State Tort Claims Act (STCA), Neb. Rev. Stat. § 81-8,209 et seq. The district court[1] granted the defendants' motions to dismiss Glasgow's claims, and Glasgow appeals. We affirm.[2]

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

[2]We have jurisdiction under 28 U.S.C. § 1291.

## I.   BACKGROUND[3]

In her complaint, Glasgow alleged that Houston and White decided to release Jenkins from prison before Jenkins had served his full sentence even though they knew Jenkins was mentally ill and extremely dangerous.  Glasgow pled that "[s]ometime in spring of 2013, Defendant Houston directed Defendant White . . . to [r]educe the inpatient treatment program from 10 months to 6 month [sic]" and "gave White a list of inmates . . . and told him to change all clinical recommendations from inpatient to outpatient treatment so that [the inmates] would be eligible for release from the Department."  According to Glasgow, Jenkins was on this list of inmates, so "White changed the recommendation on Jenkins from inpatient to outpatient treatment which accelerated his release from the Department."

Glasgow claimed this decision was contrary "to the established policies, practices or customs governing treatment and incarceration . . . given Jenkins' consistent history of psychotic behavior and continuing efforts of trying to get himself committed to the Lincoln Regional Center for a mental health evaluation and treatment."  Glasgow also cited letters Jenkins wrote while in prison "stating that if he was released he would kill."

Glasgow's complaint alleged the "Defendants . . . act[ed] with deliberate indifference to Curtis Bradford's constitutional rights" because they

> a.   Fail[ed] to properly enforce, apply, interpret, calculate, implement and comply with the rules, regulations, policies, procedures and laws

---

[3]This appeal arises from dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6), and we take our "facts" from Glasgow's complaint allegations to determine if Glasgow has alleged "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

regarding the detainment, sentencing, detention, incarceration, commitment and release of inmates.

b. Fail[ed] to properly comply with rules, regulations, policies, procedures and/or laws with respect to "good time" credited to inmates for good behavior while incarcerated.

c. Fail[ed] to deduct and/or alter "good time" credit from an inmate's sentence after the inmate had exhibited violent and/or insubordinate conduct during the inmate's term of incarceration and/or engagement in other conduct which violate[d] established policies, procedures and/or rules.

Glasgow also suggested "[t]he State of Nebraska by and through its employees, contractors[,] agents and officers had a duty to Curtis Bradford" because they knew Jenkins "intended to murder persons at random." According to Glasgow, "[b]ecause the State of Nebraska processed [sic] this knowledge and released Nikko Jenkins from custody, it assumed a duty to Curtis Bradford." Glasgow stated CCS "owed a duty to the citizens of Nebraska to correctly evaluate and treat all inmates under their care," and CCS's breach of this duty resulted in Bradford's death. Glasgow alleged the city and county and their respective employees were aware of the danger Jenkins presented and failed to prevent Jenkins's attack on Bradford.

In all, the various defendants filed four motions to dismiss, and the district court granted the motions. See Fed. R. Civ. P. 12(b)(1), (6). The district court dismissed Glasgow's claims against the county, the city, and CCS for failure to state a claim upon which relief could be granted because "the amended complaint is simply devoid of any plausible allegation against these defendants."

The district court also dismissed Glasgow's state and federal claims against the State of Nebraska and the department officials. It rejected Glasgow's argument the

-4-

defendants waived their immunity defenses by removing the identical case Glasgow filed in state court to federal court, where the state case was dismissed as redundant. The district court dismissed Glasgow's § 1983 claims against the State of Nebraska and the department officials in their official capacities because those claims failed to state a claim under § 1983 and were barred by the Eleventh Amendment to the United States Constitution. The district court dismissed Glasgow's § 1983 claims against the department officials in their individual capacities because Glasgow "failed to plead that Bradford was deprived of a right secured by the Constitution and laws of the United States," as required to state a claim under § 1983.

The district court dismissed Glasgow's state law claims against the department officials in their individual capacities because they were acting "solely within the scope of their employment" when the challenged conduct occurred, and thus relief against them was available, if at all, only in their official capacities under the STCA. Cf. Bohl v. Buffalo County, 557 N.W.2d 668, 673-74 (Neb. 1997) (per curiam). The district court dismissed Glasgow's state law claims against the department officials in their official capacities because Glasgow withdrew the claims from the Nebraska Risk Manager before expiration of the statutorily-required six months. See Neb. Rev. Stat. § 81-8,213. The district court alternatively dismissed Glasgow's official-capacity claims insofar as they fell within the discretionary-function exception to the STCA's immunity waiver. See Neb. Rev. Stat. § 81-8,219(1). Finally, the district court determined Glasgow failed to state a claim for negligence because no legal duty was shown. See, e.g., Gaytan v. Wal-Mart, 853 N.W.2d 181, 192 (Neb. 2014). Glasgow appeals.

## II.    DISCUSSION

"We review a district court's grant of a motion to dismiss de novo." Christiansen v. W. Branch Comm. Sch. Dist., 674 F.3d 927, 933-34 (8th Cir. 2012).

## A. Glasgow's Claims Against the City, the County, and CCS

We affirm the district court's dismissal of Glasgow's claims against the city, the county, and CCS. Glasgow forfeited any argument the district court's dismissal of her claims against these defendants was in error because she does not mention these defendants in her appeal brief. See, e.g., Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").[4]

## B. Glasgow's Claims Against the Department Officials

As a preliminary matter, we reject Glasgow's assertion that "Appellees by removing the Appellant's state tort claims to District Court and alleging that it [sic] was identical to the federal claim have waived their Eleventh Amendment immunity." Glasgow brought identical suits in both federal and state court. The defendants removed the state case to federal court where the district court dismissed the state case as redundant. As the district court correctly explained when Glasgow argued waiver, the pending case was never removed, because it was originally brought in federal court. Therefore, there could be no forfeiture or waiver arising from removal.

---

[4]Glasgow likewise forfeited any challenge to the district court's decision not to permit Glasgow to amend her complaint a second time, because while she declares this was error in her Statement of the Issues, Glasgow does not show she ever sought leave to amend and her appellate brief contains no other reference to the issue. See, e.g., Koehler v. Brody, 483 F.3d 590, 599 (8th Cir. 2007) (determining the appellant waived an issue when it was mentioned only "in the statement of issues" portion of the brief and "a one sentence footnote").

### 1. Glasgow's § 1983 Claims

Glasgow argues "[t]he [d]istrict [c]ourt erred in dismissing the individual claims against [the department officials] under 42 U.S.C. § 1983, 1988(a)."[5]

> An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct. . . . [A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.

Plumhoff v. Rickard, 572 U.S. ___, ___, 134 S. Ct. 2012, 2023 (2014) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, ___, 131 S. Ct. 2074, 2080 (2011)).

Glasgow asserts "State Defendants, by their actions regarding Nikko Jenkins, deprived Curtis Bradford of his constitutional right to life and liberty under the Fourteenth Amendment." The Supreme Court has held

> nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.

---

[5]To the extent Glasgow seeks to appeal the dismissal of her § 1983 claims against the State of Nebraska and the department officials in their official capacities, we affirm the dismissal because such claims do not state a claim under § 1983 and are prohibited by the Eleventh Amendment, absent a waiver of sovereign immunity not present here. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66, 71 (1989) ("[A] State is not a 'person' within the meaning of § 1983 . . . . The Eleventh Amendment bars . . . suits [against States for alleged deprivations of civil liberties] unless the State has waived its immunity . . . . [A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.").

DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 191, 195 (1989) (rejecting a § 1983 claim by a boy who alleged the county social services department knew he had been hospitalized repeatedly for suspicious injuries but took no action to protect him from his abusive father). More specifically, "there is no general substantive due process right to be protected against the release of criminals from confinement, even if that release violates state law." Lovins v. Lee, 53 F.3d 1208, 1209 (11th Cir. 1995).

There are two exceptions to the general rule that a state is not required by the Due Process Clause "to protect the life, liberty, and property of its citizens against invasion by private actors." DeShaney, 489 U.S. at 195. First, the special-relationship exception applies to limited circumstances where the state has "affirmative duties of care and protection with respect to *particular individuals*." Id. at 198 (emphasis added). This includes the duty "to provide adequate medical care to incarcerated prisoners" and "to provide involuntarily committed mental patients with such services as are necessary to ensure their 'reasonable safety' from themselves and others." Id. at 198-99 (quoting Youngberg v. Romeo, 457 U.S. 307, 324 (1982)). Here, the state did not have a specific, affirmative duty to Bradford.

The second exception is the "state-created danger" exception, which requires:

> (1) that [Bradford] was a member of "a limited, precisely definable group," (2) that the [defendants'] conduct put [Bradford] at a "significant risk of serious, immediate, and proximate harm," (3) that the risk was "obvious or known" to the [defendants], (4) that the [defendants] "acted recklessly in conscious disregard of the risk," and (5) that in total, the [defendants'] conduct "shocks the conscious."

Fields v. Abbott, 652 F.3d 886, 891 (8th Cir. 2011) (quoting Hart v. City of Little Rock, 432 F.3d 801, 805 (8th Cir. 2005)). This exception does not apply because

Bradford was not "a member of 'a limited, precisely definable group.'" See id. (quoting Hart, 432 F.3d at 805). Glasgow theorizes that "[t]he group was limited and definable in that anyone Nikko Jenkins came in contact with could have been killed by him." We cannot agree. The general public is not "'a limited, precisely definable group,'" and the state-created-danger doctrine does not apply. See id. The district court did not err by dismissing Glasgow's § 1983 claims against the department officials in their individual capacities.

### 2. Glasgow's State Law Claims

Glasgow asserts "the district court erred in dismissing appellant[']s [STCA] cause of action" because "appellees committed negligence against Bradford." Glasgow makes assertions such as "[t]he State has a duty to protect citizens from dangerous criminals," "[t]he State had a duty to inform the public that Jenkins intended to kill people once he was released," and "the state was . . . negligent in the deliberate failure to provide accurate medical information, both to the Johnson County attorney and to the state Ombudsman's Office, as required by statute."[6] Apparently in an attempt to argue the department officials had an unspecified duty to Jenkins, Glasgow declares "[t]he District Court ruled that policy interest[s] discourage suits from non-incarcerated Nebraskans concerning the care of incarcerated Nebraskans. . . . [H]owever, this should not be the case when the State

---

[6]Glasgow raises the latter point for the first time on appeal and presents no special circumstances, so we do not consider it. See, e.g., Pub. Water Supply Dist. No. 3 of Laclede Cty. v. City of Lebanon, 605 F.3d 511, 524 (8th Cir. 2010) ("'Absent exceptional circumstances, we cannot consider issues not raised in the district court.'" (quoting Shanklin v. Fitzgerald, 397 F.3d 596, 601 (8th Cir. 2005))). Moreover, any argument Glasgow might make that the state had a duty to report Jenkins's statements or conduct to the county attorney is foreclosed by Holloway v. State, ___ N.W.2d ___, ___, 293 Neb. 12, 20-26 (Neb. 2016), in which the Nebraska Supreme Court determined the STCA's discretionary function exception applies to "[t]he decision whether to report to the county attorney that another person is thought to be mentally ill and dangerous."

knows the substantial risk of danger and does nothing to protect the public from the danger." Beyond reciting the elements of negligence, Glasgow does not cite any legal authority or explain the factual basis for her assertion that the defendants had a duty to either Bradford or Jenkins. We conclude Glasgow has forfeited any challenge to the district court's ruling dismissing her state law claims. See Fed. R. App. P. 28(a)(8)(A) (requiring the appellant's brief contain "appellant's contentions and the reasons for them, with citations to" legal authorities and the record); United States v. Stuckey, 255 F.3d 528, 531 (8th Cir. 2001) ("[W]e regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities.").

## III.  CONCLUSION

The judgment of the district court is affirmed.

KELLY, Circuit Judge, concurring.

For the same reasons stated in Kruger v. Nebraska, No. 15-1427, slip op. at 15 (8th Cir. April 7, 2016) (Kelly, J., concurring), I concur.

_____