# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2900

_____

Debra Sue Jenner

*Plaintiff - Appellant*

v.

Kay Nikolas; Keith Bonenberger; Don Holloway; Ken Albers; Dave Nelson; Mark Smith; Kevin Krull; Patricia White Horse-Carda; James Sheridan

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: March 16, 2016
Filed: July 8, 2016

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Debra Jenner filed this lawsuit pursuant to 42 U.S.C. § 1983 against Appellees, current and former members of the South Dakota Board of Pardons and Paroles (the

Board). Appellees filed a motion to dismiss the action for failure to state a claim, which the district court[1] granted. Jenner appeals; we affirm.

## I.    BACKGROUND

Jenner was convicted of second-degree murder in 1988 for the death of her three-year-old daughter Abby. Jenner was initially sentenced to life in prison without parole. In 2002, South Dakota Governor William Janklow commuted Jenner's sentence to a term of 100 years in prison, making Jenner eligible for parole. Appellee Sheridan, then a member of the Board, recused himself from participating in the commutation decision because he had taken part in Jenner's criminal investigation. Later in 2003, when Jenner appeared before the Board for her hearing, Sheridan again recused himself from the matter. At that time there were twenty-six photographs of Abby's body in Jenner's file available for the Board to review. The Board denied parole. Jenner appeared before the Board several times after 2003 and was denied parole on each occasion.

Believing that the chilling, graphic photos were placed in her file by Sheridan for the purpose of negatively impacting the consideration of her parole request, Jenner unsuccessfully sought to have the photographs removed from her file. Ultimately, Jenner filed a petition for writ of mandamus with the South Dakota Supreme Court seeking review of the Board's denial of Jenner's motion to have the photographs removed from her file. The court denied that petition, but the executive director of the Board later declared that he removed all photographs received before January 14, 2014, from Jenner's file, with the exception of photographs received from the South Dakota Attorney General. Those remaining photographs, stated the director, remained in the file to aid board members who wish to consider the nature

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

and circumstances of Jenner's offense when determining whether to grant or deny parole.

Jenner filed a complaint in federal court in September 2014 alleging that the inclusion of the photographs of Abby in her file deprived her of her right to have her request for parole heard by an unbiased and impartial board, which violated her civil rights guaranteed by 42 U.S.C. § 1983. Jenner claimed before the district court, and now claims on appeal, that Sheridan submitted the photographs in an effort to ensure that Jenner would not be granted parole; that Sheridan, although he recused himself from proceedings involving Jenner, placed the photographs in her file and so has "done by indirection that which he could not do directly" and that he has thus repeatedly "spoken volumes" on a subject on which he had an admitted conflict of interest. The district court dismissed the complaint, holding that Jenner had no constitutionally protected liberty interest in a parole hearing and thus the Board did not deprive her of any due process right.

## II.    DISCUSSION

"We review a district court's grant of a motion to dismiss de novo." Glasgow v. Nebraska, 819 F.3d 436, 440 (8th Cir. 2016) (quoting Christiansen v. W. Branch Comm. Sch. Dist., 674 F.3d 927, 933-34 (8th Cir. 2012)).

The Fourteenth Amendment to the United States Constitution, extending due process protections of the Fifth Amendment, provides in part that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court mandates a two-step analysis for procedural due-process claims: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219 (2011). Protected liberty interests may arise from the Due

Process Clause itself or from an expectation or interest created by state law or policies. Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Jenner's argument in this matter is not that she was denied due process because she failed to receive a parole hearing. Indeed, she received several hearings. The state convicted Jenner before July 1, 1996, and thus she is subject to the "old" South Dakota parole statute, which provided that "[w]hen an inmate becomes eligible for consideration for parole, the inmate shall be called before the Board of Pardons and Paroles to personally present the inmate's application for parole." SDCL § 24-15-8 (2002); Bergee v. S.D. Bd. of Pardons & Paroles, 608 N.W.2d 636, 640, 643 (S.D. 2000).[2] Rather, citing Daily v. City of Sioux Falls, 802 N.W.2d 905 (S.D. 2011), among other cases, Jenner argues that her liberty interest lies in her right to an unbiased and impartial tribunal, a right she claims is "implicit in," or emanates from, her statutory right to a hearing. She argues that ultimately, the overriding constitutional issue is the lack of an effective conflict-of-interest policy for the Board. Having such a policy, argues Jenner, would vindicate her constitutional right to a fair and impartial hearing.

Jenner's due process claim fails. First, it is well-established that Jenner does not have a protected, federal due process right to parole. Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Swarthout, 562 U.S. at 220 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). Nor

---

[2]The current version of SDCL § 24-15-8, amended in 2012, provides in part that "the inmate is entitled to a hearing with the Board of Pardons and Paroles," rather than stating that "the inmate shall be called before the Board of Pardons and Paroles," but this change in the statutory language has no effect here, as both versions require a hearing with the Board.

does South Dakota's discretionary parole process that is applicable here create a liberty interest in parole by statute. Bergee, 608 N.W.2d at 642-43 (noting that for those inmates subject to the post-July 1, 1996, parole statute, the Board has no discretion and inmates *shall* be granted parole if their program directives have been met). In this case, Jenner does not argue that she has a constitutionally protected interest in parole.

Second, despite the fact that Jenner has a statutory right to a parole hearing, that right is not a protected liberty interest. The existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest. Olim v. Wakinekona, 461 U.S. 238, 250 n.12 (1983) (holding that the discretionary nature of the prison decision at issue negated any state-created liberty interest in the prison regulations that required a particular kind of hearing before the decision could be made). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Id. at 250. While "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause," those interests "will be generally limited to freedom from restraint . . . [that] impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Prison regulations primarily designed to guide correctional officials in the administration of a prison are not designed to confer such rights. Id. at 481-82. Were such state regulations found to create constitutionally protected liberty interests in all instances, there would exist a disincentive for states to codify prison management procedures in the interest of uniform treatment. Id. at 482. If that were the state of the law, states could "avoid creation of 'liberty' interests by having scarcely any regulations, or by conferring standardless discretion on correctional personnel." Id. at 482. Accordingly, Jenner does not have a protected liberty interest in her statutory right to a parole hearing.

The lack of a constitutional interest in the hearing itself is fatal to her claim that she has an implicit, protected right to an unbiased and impartial tribunal conducting

-5-

the parole hearing. Because she has no protected liberty interest upon which to base the implicit right she advances, her claim fails, at least as a constitutional matter. See Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 463 (1981) ("Plainly . . . the underlying right must have come into existence before it can trigger due process protection."). The process of providing an unbiased and impartial tribunal does not exist in a vacuum, it exists to afford due process when due process is required to protect a liberty interest. Providing an unbiased and impartial tribunal *itself* is not a liberty interest protected by due process. See Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972) (discussing the importance of a "neutral and detached" hearing body in parole revocation hearings to protect the liberty interest held by a parolee in his continued liberty); Withrow v. Larkin, 421 U.S. 35, 47 (1975) (discussing the importance of an unbiased decisionmaker to prevent even the probability of unfairness to protect the property and liberty interests afforded a practicing physician). "Process only assumes significance in a context." Brandon v. Dist. of Columbia Bd. of Parole, 823 F.2d 644, 648 (D.C. Cir. 1987). Despite Jenner's argument to the contrary, the hearing right she advances in support of her protected interest *is* procedural. That the Board is statutorily required to provide a hearing does not change its procedural nature. Because Jenner's statutory right to a parole hearing is not a protected liberty interest, there is no interest for process to protect in this case. Olim, 461 U.S. at 250.

## III.  CONCLUSION

For the reasons stated herein, we affirm.[3]

_____

_____

[3]Any attempt by Jenner to seek class status under Federal Rules of Civil Procedure 23(a) or (b)(2) for the claims addressed herein, likewise fails for the reasons provided in the analysis.