**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1256**

JOHN DOE, 4,

Plaintiff – Appellant,

v.

PRESIDENT JOHN W. ROSA, individually; MARK BRANDENBURG; COLONEL JOSEPH TREZ, individually; JENNIFER GARROTT, individually,

Defendants - Appellees.

**No. 16-1257**

JOHN DOE, A,

Plaintiff – Appellant,

v.

PRESIDENT JOHN W. ROSA, individually; MARK BRANDENBURG, individually; COLONEL JOSEPH TREZ, individually; JENNIFER GARROTT, individually,

Defendants - Appellees.

Appeals from the United States District Court for the District of South Carolina, at Charleston. Richard M. Gergel, District Judge. (2:14-cv-04396-RMG; 2:14-cv-00710-RMG)

Submitted: October 31, 2016          Decided: November 4, 2016

Before KING and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jacqueline LaPan Edgerton, W. Mullins McLeod, Jr., MCLEOD LAW GROUP, LLC, Charleston, South Carolina; Allan P. Sloan, II, Kristen B. Fehsenfeld, PIERCE, HERNS, SLOAN & WILSON, Charleston, South Carolina; Gregg Meyers, JEFF ANDERSON & ASSOCIATES, Saint Paul, Minnesota, for Appellants. M. Dawes Cooke, Jr., John W. Fletcher, Charleston, South Carolina; Russell G. Hines, Stephen L. Brown, Carol B. Ervin, Brian L. Quisenberry, Stephanie N. Ramia, YOUNG, CLEMENT, RIVERS, LLP, Charleston, South Carolina; Caroline Wrenn Cleveland, Bob J. Conley, Emmanuel J. Ferguson, CLEVELAND & CONLEY, LLC, Charleston, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Doe, 4, and John Doe, A, appeal from the district court's order granting summary judgment to Defendants in Appellants' 42 U.S.C. § 1983 (2012) proceeding. Appellants alleged that Defendants John W. Rosa (President of The Citadel during the relevant time period), Mark Brandenburg (The Citadel's attorney), Colonel Joseph Trez (Rosa's executive assistant), and Jennifer Garrott (Deputy Director and Director of The Citadel's summer camp) failed to protect them from the known risk of Louis ReVille, who sexually abused Appellants after he left his employment with The Citadel. We have reviewed the parties' briefs and the record, and we find no meritorious issues for appeal. Accordingly, we affirm substantially for the reasons stated by the district court. See John Doe 4 v. Rosa, No. 2:14-cv-04396-RMG (D.S.C. Feb. 8, 2016); John Doe A v. Rosa, No. 2:14-cv-00710-RMG (D.S.C. Feb. 8, 2016).

The district court relied primarily on our decision in Doe 2 v. Rosa, 795 F.3d 429 (4th Cir. 2015), cert. denied, 136 S. Ct. 811 (2016), which involved a substantially similar factual background, similar legal issues, and one of the Defendants in this case. All the suits considered the application of the state created danger doctrine, which attaches § 1983 liability to a failure to protect, where a plaintiff can "show that the state actor created or increased the risk of private danger, and

3

did so directly through affirmative acts, not merely through inaction or omission." Id. at 439.

In Doe 2, we found that the plaintiffs had not shown a state created danger claim against Rosa because, for several reasons, they could not "demonstrate that [Rosa] created or substantially enhanced the danger which resulted in [their] tragic abuse at the hands of ReVille." Id. First, unlike in the instant case, ReVille began abusing the plaintiffs in Doe 2 prior to the date when Rosa was on notice of ReVille's risk. Second, Rosa did not "create or increase" the risk of plaintiffs' abuse because Rosa did not make the danger to the plaintiffs worse and he had no constitutional duty to save them. Third, Rosa did not commit "affirmative acts"; allegations that he stood by and did nothing were insufficient. Finally, Rosa did not know the plaintiffs and had never spoken with them. Id. at 439–41.

On appeal, Appellants argue that the district court incorrectly read Doe 2 to require that the victim be known to the state actor. Appellants attempt to distinguish Doe 2 by pointing out that, unlike the present case, the plaintiffs in Doe 2 were abused prior to Rosa's knowledge that ReVille was a

4

pedophile.[1]  Further, Appellants contend that circuits are split as to whether a state created danger victim must be "known" or must be merely part of a "readily definable group at risk of harm."

While a review of Appellants' citations does not show a clear split in the circuits, even assuming there is one, we find it unnecessary to draw specific lines, as even under the "readily definable group" test, summary judgment was properly granted in this case.  Appellants first cite Estate of Johnson v. Weber, 785 F.3d 267, 271 (8th Cir. 2015), and Armijo v. Wagon Mound Public Schools, 159 F.3d 1253, 1262 (10th Cir. 1998).  While these cases discussed a risk to a group of victims, the cases actually involved victims known to the state actor.  As such, they do not support Appellants' argument that Doe 2 required an improper nexus between the state actor and the victim.

Appellants cite only one circuit court case involving an unknown victim.  In Reed v. Gardner, 986 F.2d 1122, 1127 (7th Cir. 1993), the Seventh Circuit held that "direct contact" with the victims was not required if the dangers presented are

---

[1] We conclude that this fact is irrelevant, as in Doe 2 we considered the legal issues in the case, assuming that the Does faced a "new or increased risk of abuse" after Rosa's actions or inactions.  795 F.3d at 440.

"familiar and specific," and cause "an immediate threat of harm [with a] limited range and duration." The facts in Reed were that officers arrested a sober driver of a car, leaving the car keys with a drunk passenger who caused a head-on collision two hours later. Id. at 1123. The court found that such allegations stated a claim. Id. at 1127.

The relationship between the victims and the state actors in the instant case were significantly more attenuated than the relationship in Reed. In Reed, the danger was of a short duration (the length of intoxication) and in a limited geographical area. The injury occurred two hours after the actions of the state actors, and the Reed court itself found this short period of time significant. 986 F.2d at 1127. Here, the time period ranged from weeks to months, was open ended, and involved risks covering a larger geographic area.

In addition, the potential victims in the instant case would include at least any minor with whom ReVille came in contact with as part of his teaching, mentoring, supervising, or coaching at any place and at any time in the future. This class is neither discrete or identifiable. In fact, such a class is practically akin to the general public. The "general public is not 'a limited, precisely definable group,' and the state-created-danger doctrine does not apply." Glasgow v. Nebraska, 819 F.3d 436, 442 (8th Cir. 2016); see also Jones v.

6

Reynolds, 438 F.3d 685, 697-98 (6th Cir. 2006) (holding that group of at least 150 spectators at a drag race was too large and unidentified for state created danger doctrine to apply).

Even accepting Appellants' argument that other circuits have decided the issue differently, Appellants have failed to show that our language in Doe 2 should be ignored or that it is inapplicable in the instant case. In Doe 2, we ruled that "immediate interactions between the [state actor] and the plaintiff" are a required nexus for state created danger liability. We found it significant that the state actor did not know the plaintiffs and was unaware of their existence. That is precisely the situation for all the Defendants in this case. It is undisputed that none of the Defendants knew the Appellants. In addition, to the extent the Defendants knew or should have known that ReVille posed a threat, the victims he posed a threat to were too diffuse and unspecified a group to attach constitutional significance to the Defendants' failure to protect them. Accordingly, we affirm the judgment of the district court granting summary judgment to Defendants on the state created danger claims.

Appellants also raised supervisory liability claims against Rosa and Garrott for their supervision of ReVille.[2]  Supervisory officials may be held liable where "supervisory indifference or tacit authorization of subordinates' misconduct [is] a causative factor in the constitutional injuries they inflict on those committed to their care."  Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (internal quotation marks omitted).  To establish a viable claim of supervisory liability under § 1983, the plaintiff must establish (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the supervisor's response was sufficiently inadequate "to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) "an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."  Id. at 799 (internal quotation marks omitted).

The district court ruled that, once ReVille left the employ of The Citadel, the causal link was broken.  The court noted

_____

[2] Appellants also allege that Rosa is liable for the actions of Brandenburg and Trez.  However, because the evidence is insufficient to support Appellants' state created danger claims, for the reasons discussed above, Appellants' supervisory liability claims must also fail.

8

that "[t]o rule otherwise would expose a former supervisor to unlimited and continuous liability for the acts of private violence of his former subordinate after the former subordinate left his government employer for the balance of the natural life of the former subordinate." On appeal, Appellants address this issue, without citation and also without explaining why the district court's conclusions were incorrect.

We conclude that the district court correctly granted summary judgment to Rosa and Garrott on Appellants' supervisory liability claims. There can be no supervisory liability when there is no underlying violation of the Constitution. See Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991). Here, because ReVille was not a state actor, there was no underlying constitutional violation. This is fatal to Appellants' supervisory liability claims.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED