# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3786

_____

Timothy Barr

*Plaintiff - Appellant*

v.

Rebecca Pearson, Nurse, Corizon, SECC; Brandi Juden, BSN, RN, Corizon, SECC; Dana Degens; David Helman, RN, Corizon, SECC; Jewel Cofield; Mina Massey, Medical Director; MD G. Babich; Kimberly Birch, N.P.; Nina Hill, N.P.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 26, 2018
Filed: November 27, 2018

_____

Before SMITH, Chief Judge and MELLOY, Circuit Judge.[1]


MELLOY, Circuit Judge.

_____

[1] This case was originally assigned to a three-judge panel consisting of Chief Judge Smith, Judge Melloy, and Judge Stras. Judge Stras recused himself. This opinion is filed by Chief Judge Smith and Judge Melloy under Eighth Circuit Rule 47E.

Missouri Department of Corrections inmate Timothy Barr filed suit under 42 U.S.C. § 1983 alleging that various state-contracted health care providers ("Defendants") violated the Eighth Amendment when they stopped administering his multiple sclerosis ("MS") medication. The district court[2] granted summary judgment in favor of Defendants, finding that their actions did not violate the Eighth Amendment. We affirm.

## I. Background

The following information comes from a portion of Barr's medical record that was submitted to the district court. On May 21, 2014, neurologist Dr. Sudhir Batchu diagnosed Barr with MS and prescribed Avonex for his symptoms. Barr began receiving Avonex injections on June 10. He regularly received these injections until October 2014. On October 10, 2014, Nurse Dana Degen noted that Barr refused his Avonex injection because the "side effects [were] getting the best of [him]." A separate October 10 entry by Nurse Practitioner Nina Hill indicates that Hill met with Barr to discuss his MS diagnosis and his refusal of Avonex. Hill referred Barr to mental health services for depression related to his diagnosis. On October 23, 2014, Barr saw Dr. Kimberly Birch. During that session, they discussed his MS diagnosis. Dr. Birch noted that Barr's case was "very complex." She also noted that Barr had refused Avonex due to its adverse side effects and that he felt "much better" while off of the drug. At the conclusion of the session, Dr. Birch noted that she planned to speak with her colleagues about Barr's case and that she was going to request a second opinion from a different neurologist. She also prescribed Aspirin and requested an echocardiogram, which was performed on November 5. On November 11, Barr met with optometrist Dr. Lee Browning because he had been experiencing blurry vision. After meeting with Barr, Dr. Browning noted that Barr was being

    [2] The Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.

followed "for high suspicion of multiple sclerosis" but had discontinued taking Avonex "on his own due to undesirable side effects." That is the most recent entry in the portion of Barr's medical record that was submitted.

Barr contests parts of his medical record in his sworn affidavit. In the affidavit, Barr admits that he had been experiencing "negative side effects" but states that he never refused his Avonex injection. Rather, he states that "Defendants stop[ped] giving [him] and prescribing medication to [him], on October 8, 2014." He also states that Hill and Dr. Birch told him that they did not think he had MS. Regardless, both parties agree that after October 10, Barr stopped receiving Avonex injections.

## II. Standard of Review

This Court reviews a district court's grant of summary judgment de novo. Rooney v. Rock-Tenn Converting Co., 878 F.3d 1111, 1115 (8th Cir. 2018). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing whether a genuine dispute exists, the facts are viewed in the light most favorable to the nonmoving party. Rooney, 878 F.3d at 1115.

## III. Analysis

The Eighth Amendment requires that inmates be provided with adequate medical care. See Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. Id. The test for deliberate indifference consists of two prongs. Id. First, an inmate must show that he "suffered from an objectively serious medical need." Id. Second, an inmate must show that the defendant knew of and deliberately disregarded that need. Id. Deliberate disregard is a mental state "equivalent to criminal-law

-3-

recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." Id. at 914–15 (quoting Farmer v. Brennan, 511 U.S. 825, 835, 839–40 (1994)). Showing medical malpractice is not enough: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Rather, an inmate must show that the provider disregarded "a known risk to the inmate's health." Gordon ex rel. Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006).

Significantly, while inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Indeed, "doctors remain free to exercise their independent medical judgment." Id. Thus, "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Meuir v. Greene Cty. Jail Emps., 487 F.3d 1115, 1118–19 (8th Cir. 2007) (second alteration in original) (citation omitted).

Viewing the record in the light most favorable to Barr, Defendants' decision to halt Barr's Avonex injections did not rise to a level akin to criminal recklessness. See Farmer, 511 U.S. at 835. In fact, the decision was probably not even negligent. First, even assuming that Barr did not refuse his Avonex injections, Defendants still had good reason to end them. Three different health care providers wrote in Barr's medical record that he had complained to them about Avonex's side effects. Barr does not dispute these facts. Indeed, Barr himself stated in his affidavit that he "was taking treatment of Avonex for months, with all of it's [sic] negative side effects." Given these undisputed negative side effects, it was well within Defendants' independent medical judgment to stop administering Avonex. Second, Barr does not allege that any harm occurred after the injections ended. As noted, mere disagreement with the course of treatment is not enough. Finally, even after Barr's

injections were halted, Appellees continued to provide medical care—prescribing other medication, scheduling follow-ups, and requesting additional diagnostic tests. Ultimately, no rational trier of fact could find that Defendants were deliberately indifferent.

## IV. Conclusion

We affirm the district court's order granting summary judgment in favor of Defendants.

_____