# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1691

_____

Reginald L. Dunahue

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction; Marshall D. Reed, Chief Deputy Director, Arkansas Department of Correction; Jeremy C. Andrews, Warden, EARU, ADC; David Knott, III, Chief of Security, EARU, ADC; Jamin M. Crawford, Shift Supervisor, EARU, ADC; S. Lane, Captain; James Dycus, Deputy Warden; Kathy Baxter, Sergeant, EARU, ADC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: December 27, 2019
Filed: January 27, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Reginald Dunahue, an inmate at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Corrections (ADC),

appeals the district court's[1] denial of his request for appointed counsel, preservice dismissal of some of his claims, and adverse grant of summary judgment as to his remaining claims. For the reasons stated below, we affirm.

In verified complaints, Dunahue named in their individual and official capacities, ADC Director Kelley, ADC Deputy Director Reed, EARU Warden Andrews, EARU Chief of Security Knott, EARU Shift Supervisor Crawford, EARU Captain Lane, EARU Deputy Warden Dycus, and EARU Sergeant Baxter. He claimed defendants failed to protect him from being stabbed by inmate Antonio Smith, who had escaped a damaged "cage" in the recreation yard. Dunahue also moved for appointment of counsel. The district court dismissed Dunahue's claims against Kelley, Reed, and Andrews under 28 U.S.C. § 1915A; denied Dunahue's motions for appointment of counsel; and later granted summary judgment in favor of the remaining defendants, concluding that they were entitled to qualified immunity because it was undisputed the attack on Dunahue was a "surprise."

We first conclude that the district court did not abuse its discretion in denying Dunahue's motion for appointment of counsel. See Patterson v. Kelley, 902 F.3d 845, 849-50 (8th Cir. 2018) (denial of motion for appointment of counsel is reviewed for abuse of discretion; pro se litigants have no right to appointed counsel).

We further conclude that the district court properly dismissed defendants Kelley, Reed, and Andrews because Dunahue failed to allege facts indicating how they were personally involved in any misconduct. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (dismissal under § 1915A is reviewed de novo);

---

[1] The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

see also <u>Beaulieu v. Ludeman</u>, 690 F.3d 1017, 1030-31 (8th Cir. 2012) (supervisors cannot be held vicariously liable under § 1983 for actions of subordinate; to state claim, plaintiff must allege supervising official violated Constitution through their individual actions).   We also conclude that Dunahue's failure-to-protect claims against defendants Knott, Crawford, Lane, Dycus, and Baxter in their official capacities were barred by the Eleventh Amendment.  <u>See</u> <u>Glasgow v. Neb. Dep't of Corr.</u>, 819 F.3d 436, 441 n. 5 (8th Cir. 2016) (Eleventh Amendment prohibits suits for damages against state officials in their official capacities).

Finally, we uphold the district court's grant of summary judgment as to Dunahue's individual-capacity failure-to-protect claims against the remaining defendants based on qualified immunity.  <u>See</u> <u>Moyle v. Anderson</u>, 571 F.3d 814, 817 (8th Cir. 2009) (grant of summary judgment is reviewed de novo; summary judgment is appropriate when evidence viewed in light most favorable to non-movant presents no genuine issue of material fact and movant is entitled to judgment as matter of law).  "We have held in a number of cases that prison officials are entitled to qualified immunity from § 1983 damage actions premised on an Eighth Amendment failure-to-protect theory when an inmate was injured in a surprise attack by another inmate."  <u>Curry v. Crist</u>, 226 F.3d 974, 978-79 (8th Cir. 2000) (citing cases).  Because there is nothing in the record to indicate that Dunahue was exposed to a substantial risk of serious harm, or that the defendants acted with deliberate indifference, we find that summary judgment was proper.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 833-38 (1994) (prison officials have duty to protect prisoners from violence by other inmates; prison official violates Eighth Amendment only when (1) condition poses objective and substantial risk of serious harm, and (2) official knows of, and disregards risk).

Accordingly, we affirm all aspects of the judgment, and we deny Dunahue's motion for appointment of counsel.

_____