# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3457
_____

David Lee Tidwell

*Plaintiff - Appellant*

v.

James Gibson, Warden, Varner Unit

*Defendant*

Brandon Medders, Sergeant, Varner SuperMax

*Defendant - Appellee*

Rory Griffin, Director, Health and Corr Serv

*Defendant*

A. Smith, Doctor, Varner Unit; Gary Kerstein, Doctor, Varner Unit; Estella Bland, APN, Varner Unit; Amy Jones, Nurse, Varner Unit

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: July 8, 2022
Filed: July 21, 2022
[Unpublished]
_____

Before GRUENDER, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate David Lee Tidwell appeals following the adverse grant of summary judgment in his 42 U.S.C. § 1983 action.[1]  Upon de novo review of the record, we affirm.  *See Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (explaining the standard of review); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (stating that an Eighth Amendment claim for the denial of medical care requires an inmate to show he suffered from an objectively serious medical need, and the defendant knew of the need yet deliberately disregarded it).

The claims against Sergeant Medders in his official capacity were barred by sovereign immunity, *see Glasgow v. Nebraska*, 819 F.3d 436, 441 n.5 (8th Cir. 2016), and the individual capacity claims failed because Tidwell did not show Medders acted with deliberate indifference, *see Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness); *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011) (concluding that prison officials who lack medical expertise are entitled to rely on medical staff opinions about prisoner diagnoses). Tidwell also failed to show Dr. Kerstein, Nurse Bland, and Nurse Jones acted with deliberate indifference.  *See Barr*, 909 F.3d at 921-22 (reiterating that inmates have no right to a particular or requested course of treatment, and a mere difference over matters of expert medical judgment or the course of treatment do not amount to a constitutional violation); *Fourte v. Faulkner Cnty.*, 746 F.3d 384, 389 (8th Cir. 2014) (concluding that when an inmate shows another physician in the same circumstance

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Edie R. Ervin, United States Magistrate Judge for the Eastern District of Arkansas.

might have ordered different tests and treatment than the prison medical staff, it raises questions of medical judgment but does not show deliberate indifference). Tidwell neither rebutted the expert's opinion that these medical defendants acted within the appropriate medical standards of care nor offered verifying medical evidence showing that any delay in treatment had a detrimental effect on his condition. *See Jackson v. Riebold*, 815 F.3d 1114, 1119-20 (8th Cir. 2016); *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997). Tidwell also waived review of any deliberate-indifference claims against Dr. Smith because he failed to raise those claims in his opening brief, and we will not address arguments raised for the first time in his reply brief. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008).

Finally, the district court did not abuse its discretion in denying Tidwell's motion for the appointment of counsel after considering relevant factors. *See Patterson v. Kelley*, 902 F.3d 845, 849-50 (8th Cir. 2018) (explaining the standard of review and discussing the relevant factors).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____