# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2076

_____

John James Berwanger

*Plaintiff - Appellant*

v.

Katie Harris, Nurse; Lisa Tyler, Nurse Practitioner; Nurse Doe; Doctor Doe; Joseph L. Kennedy, Dubuque County Sheriff; Kristoffer Kaberg, Anamosa State Penitentiary Warden; Dr. Michael Dehner; Laura Barner, Nurse; Vickie Knowles, Nurse; Sally Potter, Nurse; Barbara Devaney, Nurse; Laura Krugle, Nurse; Erin Sargent, Nurse

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 12, 2024
Filed: July 30, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Two sheriff's deputies allegedly injured John Berwanger's right shoulder while they transported him from a courthouse to the Dubuque County Jail. After a

few weeks, Berwanger—now a convict—began submitting requests for medical care to staff at the jail. Jail nurses always visited Berwanger when he complained of pain and routinely provided him with over-the-counter pain medications and ice.

Berwanger spent a total of three months in the jail before the Iowa Department of Corrections took custody of Berwanger and sent him to the Iowa Medical Classification Center. During his intake physical, Berwanger reported a history of right shoulder numbness. Berwanger later received a complete physical examination that identified no shoulder abnormalities. For this reason, Berwanger's shoulder pain was treated conservatively with over-the-counter pain medications.

About a week after this complete physical examination, the department transferred Berwanger to Anamosa State Penitentiary. There, Berwanger again complained of shoulder pain. At his first visit with medical staff at the penitentiary, a physical examination identified no shoulder deformities and indicated full range of motion. Nevertheless, medical staff scheduled Berwanger for an appointment with a prison doctor.

The doctor examined Berwanger's shoulder and likewise saw no deformities and full range of motion. The doctor continued Berwanger's conservative treatment—over-the-counter medications and physical therapy—but decided to track down Berwanger's outside medical records and order x-rays. The imaging did not reveal anything abnormal.

Berwanger again complained of shoulder pain a month later and was examined by medical staff. After again finding nothing significant, they scheduled him for a follow-up with the doctor. This time, the doctor referred Berwanger to the University of Iowa's orthopedic clinic.

Six months later, Berwanger was seen at the clinic. The clinic was not able to see Berwanger sooner because more than 800 inmates at the penitentiary had contracted COVID-19 during that time and the University of Iowa's clinics could

not accommodate nonemergent referrals. During his visit, more x-rays were taken. Because they appeared normal, doctors told Berwanger that he could either continue his conservative treatment or undergo an MRI. Berwanger wanted the MRI, which ended up showing an anterior-inferior labral tear. Doctors told Berwanger that he again had a choice between nonoperative therapy or surgical repair. Berwanger opted for surgery, and a surgeon performed the procedure five months after Berwanger was first seen in the clinic. Berwanger tolerated the procedure well, and it was effective in treating his shoulder pain.

Five months after surgery, Berwanger sued the medical staff and others working at the Dubuque County Jail and Anamosa State Penitentiary for deliberate indifference to his serious medical needs. *See* U.S. Const. amend. VIII; 42 U.S.C. § 1983. The defendants filed motions for summary judgment, which the district court[1] granted. Berwanger appeals.

We review the grant of summary judgment *de novo*. *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). To establish an Eighth Amendment violation, Berwanger must show that he suffered from an objectively serious medical need and that the defendants knew of the need yet deliberately disregarded it. *See Barr*, 909 F.3d at 921. "Deliberate disregard" is "a mental state equivalent to criminal-law recklessness." *Id.* (internal quotation marks omitted). Mere negligence or medical malpractice is "not enough." *Id.* Rather, Berwanger must demonstrate that the

---

[1]The Honorable C.J. Williams, then United States District Judge for the Northern District of Iowa, now Chief Judge.

medical staff's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014).

The district court granted summary judgment to all defendants because it concluded that no reasonable jury could find that any particular defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See id.* We agree. Each time Berwanger complained of shoulder pain, jail and prison staff responded and provided treatment. The fact that medical staff started with conservative treatment and did not diagnose Berwanger's labral tear sooner does not raise an inference of deliberate indifference given that he consistently received treatment. *See Barr*, 909 F.3d at 921; *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("[A]n inmate is not entitled to any particular course of treatment."). Nor does the length of time that it took for Berwanger to get into the orthopedic clinic raise such an inference given the exigencies and the nonemergent nature of his injury. *See Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) ("The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish."). No reasonable jury could find that any of the defendants were deliberately indifferent to Berwanger's serious medical needs, so the district court did not err in granting their motions for summary judgment.

We affirm the judgment of the district court.

_____